(6 Misc. Rep. 217.)

### RICHARDS v. REED et al.

(City Court of New York, General Term. December 8, 1893.)

COUNTERCLAIM—JOINT AND INDIVIDUAL LIABILITIES.

    A counterclaim for a breach of a contract between plaintiff and his wife, of the one part, and defendant, of the other part, is insufficient, being a demand, not against plaintiff alone, but against the plaintiff and another jointly bound with him.

Appeal from trial term.

Action by Willard Richards against Nathaniel A. Reed and Samuel H. Vandewater. There was a judgment in favor of defendants, and plaintiff appeals. Reversed.

Argued before EHRLICH, C. J., and NEWBURGER, J.

Gayley, Bancus & Fleming, for appellant.

Warren E. Sammis, for respondents.

NEWBURGER, J. This is an appeal from so much of an interlocutory judgment herein as overrules a demurrer interposed by the plaintiff to a defense set forth in the answer. The action is brought upon a promissory note made by the defendant Reed to the order of the defendant Vandewater, and indorsed by the latter. The plaintiff sets forth that the note was duly transferred, sold, and delivered, for value, to the plaintiff herein. The answer interposed by defendants alleges: First, that the indorsement by the defendant Vandewater was without consideration, and for the accommodation of the defendant Reed, the maker of the note, and one Anna Richards, the wife of the plaintiff; second, alleges certain facts arising out of a real estate transaction between the plaintiff and his wife, parties of the first part, and the defendant Reed, alleging a breach of said contract on the part of the plaintiff, and that the defendant Reed sustained damages by such breach in the sum of $2,000, which damages the defendants counterclaim against the plaintiff's claim herein. The plaintiff demurred to the answer, and the justice, at special term, sustained the demurrer as to the first defense, but overruled the demurrer as to the second defense. The demurrer as to the second defense should have been sustained. Upon an examination of the pleadings, it is apparent that the second defense and counterclaim, as they are set forth in the joint answer of defendants, are not available to both of the defendants. The contract for the breach of which the counterclaim is interposed is a joint obligation of the plaintiff and his wife. It

is not a claim against the plaintiff individually.  It was not a de-mand against the plaintiff alone, but against the plaintiff and another jointly bound with him.  The judgment herein must there-fore be reversed, and the demurrer sustained, with leave to defend-ants to answer upon payment of costs of demurrer and appeal.