## McCARTHY *v.* SLEIGHT.

1. JUDGMENT—RES JUDICATA—ESTOPPEL.

   Where a lessor interposes by way of set-off, in an action by the widow of one of two joint lessees, a claim upon a promissory note executed by the lessees jointly, and thereafter allows judgment to be entered against him in such case upon the express agreement with the attorney for the surviving lessee that the settlement shall not preclude the interposition of the claim in a pending suit by such lessee, the latter is estopped from asserting that such judgment is *res judicata* as to the lessor's claim upon the note.

2. JOINT OBLIGATIONS—LIABILITY OF SURVIVOR—SET-OFF.

   A note executed by joint lessees to the lessor may be interposed as a set-off in an action against the lessor by one of the lessees, after the death of the other, for services performed for the lessor during the continuance of the lease.

Error to Clinton; Daboll, J.   Submitted April 29, 1897.
Decided September 14, 1897.

*Assumpsit* by James McCarthy against Jacob P.
Sleight for work and labor performed.   From a judgment
for defendant, plaintiff brings error.   Affirmed.

*Lyon & Dooling*, for appellant.

*L. B. Gardner*, for appellee.

Moore, J.   October 15, 1892, the plaintiff and William
K. Smith leased from the defendant his farm of 320 acres
for a period of three years from the 1st of the following
March.   On the 12th of October, 1892, they gave the de-
fendant their note, payable in one year, for $133.65, for
things purchased by them of defendant.   At this time
they were both single men, who intended to be married a
little later, which fact was communicated to the defend-
ant.   Through some arrangement, about which the part-
ies are not agreed, McCarthy and Smith moved upon the
farm soon after October 15th, and remained upon it until
the lease took effect, taking care of the stock belonging to
themselves and also of that belonging to the defendant.
It is the claim of the plaintiff that he and Mr. Smith
did some work for the defendant during the winter, for
which they should receive pay.   It is admitted by defend-
ant that McCarthy and Smith drew lumber, cut ties, and
did other work for him, for which he ought to pay them.
McCarthy and Smith used hay and grain belonging to the
defendant, which it is admitted they should account for.
When March 1st arrived, Smith and McCarthy began to
work the farm under the lease, and continued to do so until
Smith died, August 15, 1893.   Some time after his death, the
defendant, McCarthy, and Mrs. Smith attempted to arrive
at some arrangement to adjust the differences which had
grown up between them and Mr. Sleight, the latter to
have possession of the farm.   Two men were called upon
to settle the dispute between them.   The testimony is con-

flicting as to what was submitted to these men, and what was done. The parties were not able to adjust all their differences, and on September 6, 1894, Maggie Smith, widow of William K. Smith, brought suit against Mr. Sleight to recover what was due her husband growing out of these various transactions, and to recover for various items personal to Mr. Smith. She obtained judgment against defendant, from which judgment an appeal was taken to the circuit court by the defendant October 23, 1894. On October 22, 1894, this suit was commenced in the circuit court by Mr. McCarthy to recover for his interest growing out of the various transactions between McCarthy and Smith and the defendant. Bills of particulars were filed by the plaintiffs in both of these cases, and a bill of particulars of set-off was filed in both cases by the defendant, and in both of these particulars of set-off some of the same items appear. The same attorneys appeared for the plaintiffs in both of these cases. On February 11, 1895, Mr. Sleight consented in open court that a judgment should be rendered against him in the Smith case, but he claims that it was upon the condition that it should not affect any defense he might have in the McCarthy case. His claim in that regard was disputed. This case was tried before a jury, who rendered a verdict in favor of the defendant in the sum of $155. Plaintiff appeals.

The trial judge was asked to charge the jury that they must disregard all of the items of set-off that were involved in the Smith case. He was also asked to charge them that they could not allow the promissory note as a set-off in this case, because it was not a mutual claim within the meaning of the statute. He was also asked to charge that defendant testified in justice's court in the Smith case that he had released McCarthy on all of the items of set-off in this case, and that they could not include those items in this case. He was also asked to charge that, if defendant testified in justice's court that he had released McCarthy on all the items of set-off, he could not be allowed

for them in this case.   The court declined to give these requests except as incorporated in his general charge. The trial court charged the jury at great length.   It will be necessary, however, to quote only a portion of his charge, to raise the questions involved:

"It seems that, after the death of Mr. Smith, his widow, Maggie Smith, brought an action in justice's court to recover, as I understood the claim to be, for a share of this property, and perhaps some other items that have been discussed here, and I need not refer to them, that her husband would have been entitled to were he alive at that time.   I don't understand that any personal claim, aside from that, was concerned in that suit.   If I am wrong about that, counsel will correct me; but I think I am not. It further appears that, in the bill of particulars presented by Mr. Sleight—and that action, you know, was against Mr. Sleight—and passed upon by the jury in the justice's court, a large number of items now offered as an offset here were contained and set out in that bill of particulars, and Mr. McCarthy and his attorneys claim that all of the matters are named, or at least a large number of the matters now concerned were litigated there; that Mr. Sleight presented them there as a claim or offset against the claim made by Maggie Smith; and that, having once presented them in a court competent to try that question, and the jury having considered them as to whether or not they were owing, and owing in such a way that they were a proper set-off, that he is now precluded from offsetting them in this case.   I think it is conceded that in that bill of particulars, as to all these claims about the property, and the matters arising there, including some personal property and some farm tools, that the claim was made on the part of Maggie Smith for one-half of the amount that was owing to her husband, and that Mr. Sleight, in his bill of particulars, asked for the entire amount owing by Mr. Smith and Mr. McCarthy to him; and they say that, that having been litigated and passed upon there, he is barred from presenting or having it allowed here.

"If it was passed upon there,—if Mr. Sleight did present the accounts, and they were passed upon there,—and the jury there decided whether or not it was owing Mr. Sleight in such a way as he could offset, and nothing had occurred since then to change that relation, then that would be a good defense to that claim, because Mr. Sleight

would then have litigated that in a proper court, and submitted it to the jury to pass upon, and he would be bound by the finding there, and he could not have it allowed or disallowed here again, as he would be bound by the determination of the jury. There is some question of evidence in the case, however. I am going to submit that to you upon the question as to whether he is so bound or not, and you will find from the evidence whether that was the truth or not. It is the evidence given by Mr. Sleight and by Mr. Dooling, with any other evidence in the case that may bear upon that issue, and will be considered by you in arriving at the truth,—the evidence wherein Mr. Sleight claims that, at the time he made the arrangement here, after he appealed that case to this court, that a judgment was to be rendered here of $120 against him. He claims that an arrangement was made at that time whereby it was agreed by Mr. Dooling, on behalf of Mrs. Smith, and he claims that he also represented at that time Mr. McCarthy,—and you have heard the evidence as to that point,—whereby it was said that as to his claim against McCarthy, or his right to offset his account against McCarthy, should not be affected by the entering of this judgment here. Mr. Dooling says, as you have heard his evidence and his argument here, that no arrangement of that kind was made; that he had no idea of it. You will find from the evidence in the case what the truth is as to that, and that will determine the right of Mr. Sleight to offset any matters that were litigated there. You will determine on that matter as to what those two men agreed to. So far as that suit being a bar, I don't think it would be a bar, because, after the appeal from that judgment, I think they had the right to make that arrangement if they wanted to; and whether they did or not is a question left entirely to you. I have no notion upon it one way or the other, and if I had I could not express it. * * *

"There is another question upon which I am requested to charge you, and do. It is claimed upon the part of one side that Mr. Sleight swore in the justice's court that he had released McCarthy entirely from that claim; that he so swore, when he presented his claim at that time, that he released him, and did not claim anything against him. Now, if that is true, if Mr. McCarthy was released, then the simple withdrawal of that claim from the operation of the other suit would not reinstate him in his rights. It might get it out from under the operation of that suit, but it would not hold Mr. McCarthy again if he had once

been released. So, if you should find that he had been once released, then, as the evidence stands in the case here, I know of no evidence in the case showing that he had been reinstated, or that the account had ever taken such shape that it could be offset; but these are all matters for you to find the truth of from the evidence.

"As to the promissory note, that is in the same situation. It is one of the matters claimed as an offset in the suit of Maggie Smith and Mr. Sleight, and if he was released from it that would bar it; but if Mr. McCarthy was still liable upon it, never released in any way, then I charge you that, Mr. Smith being dead, and the liability originally being joint between both, as to the note, it would survive against him alone, and, if nothing has occurred, as I have indicated, to bar that right, then Mr. Sleight, as owner of the note, would have the right to offset it in this case. It being originally a joint liability, and one of the joint makers being dead, it may be offset against the man bringing the action.

"I think the same thing is true as to any of the joint matters growing out of the terms and conditions of this contract wherein Mr. McCarthy and Mr. Smith were jointly liable. They were connected jointly with that contract, and would be jointly liable to Mr. Sleight to carry out all the provisions of the contract, and liable for any property personally delivered to them under and by virtue of the contract wherein they were jointly liable; but, in regard to the work done by them for Mr. Sleight outside of the contract, there would not be that joint liability, but each would be entitled to recover for the work each did, or, as to anything they had of him outside of the contract, there would be a claim on the part of each party for the part or share each had, in the absence of the showing of any assignment of the other's share; and none is shown here, and he could recover for the property delivered or owing for by the other, and Sleight could only set off that part in this suit. In other words, no joint liability exists here unless there was an arrangement to that effect, which is not claimed here, aside from the matters arising from the trial and the note. As to these matters that are joint, the death of Mr. Smith leaves them in the same shape that it does the note, and, if they are proper matters of offset jointly, as the survivor stands in the same relation, I think they may be offset against him. In other words, Mr. Sleight can have the benefit of them in this suit, if it is not barred by some of the reasons

I have given you, against the claim made here by Mr. McCarthy, because Mr. McCarthy is the survivor, and the debt is joint; and that is true as to all the matters that are in the same situation under these instructions."

No administrator had been appointed of the estate of William K. Smith, deceased. Mr. Smith left an infant child. No claim of McCarthy and Smith had been assigned to Mrs. Smith, and it is the claim of the defendant that she was not entitled to bring suit, and that a suit by her would not bar the representative of the estate of her husband, should one be appointed, from bringing suit, and that a judgment obtained by her could not be pleaded in bar in a suit brought by Mr. Smith's administrator against Mr. Sleight. We do not think it necessary to discuss that contention.

It was the claim of Mr. Sleight that he allowed a judgment to be entered in the Smith case against him upon the express agreement with the attorneys for both Mrs. Smith and Mr. McCarthy that his doing so should not preclude the interposition of his defense in this case. This claim was disputed, but it was admitted by the attorney for Mr. McCarthy that it was agreed that the settlement of the case of Maggie Smith should be no settlement of any matter between Mr. McCarthy and Mr. Sleight. The court submitted the question to the jury as to just what the arrangement was at the time the judgment was rendered in the Smith case. The jury evidently accepted Mr. Sleight's version. The differences that existed between Mr. McCarthy and Mr. Sleight were indicated on each side respectively by their respective bills of particulars, and we do not think it either law or justice to now say that, because Mr. Sleight settled his differences with Mrs. Smith, he cannot now avail himself of the defense which he reserved the right to make in the McCarthy case. The charge of the judge was quite as favorable to the plaintiff as he was entitled to have it.

The claim of the plaintiff grew out of the dealings of McCarthy and Smith with Mr. Sleight. The note was

given by them in relation to some of these dealings. At the time of this suit Mr. Smith was dead. It was proper to use the note by way of setoff against the claim of plaintiff. *Newberry* v. *Trowbridge*, 13 Mich. 263.

It is said by appellant that the court erred in not stating to the jury with reasonable clearness plaintiff's theory of this case, and that he did not correctly charge the jury as to the burden of proof. A selection of one or two sentences out of the charge can be made that, standing by themselves, would tend to support this view. The charge was a long one, and, when taken as a whole, we think it correctly stated the law, and any failure to state it correctly in the detached sentences was corrected, and that the jury were not misled.

Judgment is affirmed.

The other Justices concurred.