ORRIN O. WARE v. ROLLIN S. CHILDS.

May Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed September 7, 1909.

*Evidence—Admissibility—Harmless Error—Relevancy—Custom
—Course of Business.*

In assumpsit for goods sold and delivered, the defence was that the
goods were not furnished by plaintiff but by a firm of which he
was a member. Plaintiff testified in cross-examination that he
had caused to be printed billheads with "and Co." after his name,
and was then asked whether he did not use such billheads during
the continuance of the partnership, and answered: "Oh, yes; I
presume I am using them today." *Held*, that the part of the
answer following the first two words, even if made with intent
to confuse the jury as to the duration of the partnership, if one
existed, did not prejudice defendant, as that portion of the answer
tended to show that such partnership still existed.

One cannot take advantage of error in the admission of evidence
favorable only to himself.

Where an issue was as to whether there were outstanding duebills not
traded out at plaintiff's store and which should be allowed de-
fendant in offset, evidence that it was customary at plaintiff's
store to destroy duebills after they had been traded out was ad-
missible, as tending to account for plaintiff's failure to produce
them, after notice to do so.

GENERAL ASSUMPSIT for goods sold and delivered. Pleas,
the general issue, payment, and offset. Trial by jury at the
September Term, 1908, Windham County, *Miles*, J., presiding.
Verdict and judgment for the plaintiff. The defendant ex-
cepted. The opinion states the case.

*Arthur P. Carpenter* for the defendant.

*Herbert G. Barber* and *Frank E. Barber* for the plaintiff.

WATSON, J.   One claim in defence was that plaintiff was not entitled to recover for the goods in question because they were furnished by a partnership of which the plaintiff was one of three partners.   The plaintiff denied that they were so furnished, and when testifying in his own behalf, was asked in cross-examination questions and made answers as follows.   ''Q.  Now after using the stamp for a while, and stamping upon your billheads 'and Co.' after the name O. O. Ware you then had some billheads 'and Co.' printed, did you not, 'O. O. Ware & Co.'?   A. I think there were some printed.  I don't know just when they were printed.   Q.  And you used those billheads during the continuance of the partnership, did you not?   A.   Oh yes, I presume I am using them today.''   To the last answer, except the first two words, defendant objected as not responsive to the question.   Whereupon at the request of plaintiff's attorney the part objected to was stricken from the record, and the jury instructed not to consider it as evidence.   It is argued that the part excluded was made with the intention of confusing the jury as to the duration of the partnership, if one existed, and hence it was prejudicial to the defendant.   If the use of such billheads tended to show the existence of a partnership at the time the goods were furnished, the fact that the portion of the answer objected to tended to show it still existing could do the defendant no harm.

Secondly, the defendant alleges error in the following admission of evidence : As bearing upon an issue raised by plaintiff's claim and defendant's denial that certain duebills had been transferred to other persons, the trial court allowed the plaintiff's attorney to inquire of the defendant on cross-examination whether he had ever transferred any duebills to other persons. It is a sufficient answer to defendant's claim of error on this point that the error if any  was harmless to the defendant, for in his answer he strongly denied ever having transferred the duebills except in a certain solitary instance.  It is entirely clear that the evidence was favorable to the defendant and consequently he cannot predicate error on its admission.

Thirdly, the parties disagreed as to whether there were outstanding duebills not traded out at plaintiff's store, and which should be allowed in offset, except one produced by defendant and received in evidence.   The plaintiff was notified to produce

at the trial the duebills in question, but he did not do so, claiming they were destroyed after goods had been obtained on them, and that no record was kept showing when they were traded out or destroyed. Against a general objection the plaintiff was permitted to show that it was the custom at his store to destroy these duebills after they had been traded out. The evidence was legitimate as tending to account for their nonproduction.

*Judgment affirmed.*