STATE v. FRANK D. MEEHAN.

May Term, 1912.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 23, 1912.

*Game—Offences—Unseasonably Killing Deer—Misleading Instructions—Expert Witnesses—Right of Cross-examination —Discretion of Trial Court.*

The whole charge must be considered in determining the adequacy of particular parts thereof.

On the trial of a respondent for having in his possession during the closed season parts of wild deer not killed during the open season, where it appeared that the open season was the first week in November, and the evidence tended to show that respondent had deer hides in his possession in January following, and the court in its charge to the jury read P. S. 5320, prohibiting the taking or killing of wild deer during the open season, or the possession of a wild deer, or a part thereof, so taken or killed, and providing that "the possession of a deer or a part thereof, except in the open season, shall be presumptive evidence" of a violation of the act by the possessor, and referred to testimony tending to show that the hides were those of deer taken and killed during the closed season, an instruction that, if respondent had deer hides in his possession during January, the jury might find, without further evidence, that they were in his possession in violation of law, and that the first question was whether respondent had some deer hides in his possession in January, for, if he had, the statute created the presumption that he was guilty of having in his possession hides of deer taken and killed in violation of law, was not objectionable as leading the jury to believe that they could find respondent guilty, though the deer were not killed during the closed season.

The cross-examination of an adverse witness is a legal right, and the rule requiring an examiner to indicate the purpose of his inquiry, in order to have an available exception to its exclusion, is not applicable to cross-examination.

The course and extent of a cross-examination, even in matters directly
relevant to the main issue, rest largely in the discretion of the
trial court, which discretion is not less when it is sought to dis-
credit a witness by cross-questions regarding particular matters
foreign to the issue, as his moral character or skill, where the
exercise of the discretion of the court is often determined by the
nearness or remoteness of the occurrences.

Where a witness testified generally on direct examination as to his
experience with deer hides, without referring to any instance,
and as to his ability to determine their age, and the season the
deer were skinned, and gave his opinion as to when the hides in
question were taken from the deer, the court in its discretion
properly excluded the cross-question, "Did you at some time or
other make an investigation of the deer that was found on what is
known as Battel brook?" there being no suggestion as to the time
of the occurrence referred to.

INFORMATION charging that the respondent had in his pos-
session parts of three wild deer, not killed during the open
season. Plea, not guilty. Trial by jury at the December Term,
1911, Addison County, *Butler*, J., presiding. Verdict, guilty;
and judgment thereon. The respondent excepted. The opinion
states the case.

*J. B. Donoway* and *Charles I. Button* for the respondent.

*F. W. Tuttle*, State's Attorney, for the State.

MUNSON, J. The respondent is charged with having parts
of three wild deer, not killed during the open season, in his pos-
session during the closed season. V. S. 5320 provides that "no
person, except in the open season, * * shall pursue, take or kill a
wild deer, or have in his possession a wild deer, or part thereof,
so taken or killed"; and provides further that "the possession
of a deer or a part thereof, except in the open season, shall be
presumptive evidence that the person having the same in his
possession is guilty of a violation of the provisions of this sec-
tion." The open season for deer in 1910 was, by proclamation
of the governor, the first week in November.

The court instructed the jury, in substance, that if the re-
spondent had the deer hides in his possession in January, 1911,

they might find, without other evidence, that they were in his possession in violation of law, as charged in the information; that the statute made the possession of the hides during the closed season presumptive evidence that the possessor had them in violation of law, and placed upon him the burden of making some explanation. The respondent excepted to this statement being made to the jury without calling their attention to the fact that the deer must be one that was killed during the closed season. The court then gave a further instruction, in the course of which it said that the first question was whether the respondent had some deer hides in his possession in January, and read from the statute the clause creating the presumption and explained it by saying: "That is, guilty of having in his possession hides (of deer) which were taken and killed in violation of law." The respondent excepted to the reading of this clause and stating that if he had the hides in his possession in January he was guilty, without saying that even if he did have them in his possession in January it was for the jury to say whether the deer were killed in the open season.

In considering the adequacy of these instructions in the respect complained of regard must be had to other parts of the charge. The previous instructions of the court had been such that in speaking of a possession in violation of law the court was covering all that the respondent was insisting upon. Early in the charge, and after a full presentation of the statute, the court referred to certain testimony as tending to show that the hides were those of deer "which were taken and killed contrary to law; that is, they were taken and killed during the closed season." And in closing its review of the State's testimony the court said: "Now all of that evidence tends to show that they were taken and killed during the closed season." The evidence was then submitted for the consideration of the jury as bearing upon the question whether the respondent had the hides in his possession, and if he did have them in his possession, whether the deer were killed in violation of law. We think the jury cannot have been under any misapprehension as to what was necessary to establish the respondent's guilt.

A witness for the State, after testifying generally regarding his experience with deer hides, but without referring to any previous instance of his experience,—and regarding his ability

to determine their age, and the season when they were taken from the body, by their general appearance and the quality, length and color of the fur,—was permitted to give his opinion as to the time when the hides in question were taken from the deer. On cross-examination the witness was asked: "Did you at some time or other make an investigation of the deer that was found on what is known as the Battel brook?" This was objected to as immaterial and excluded. This was the only question asked of the witness by respondent's counsel touching his experience, and no statement of counsel was made in connection with it.

It is undoubtedly true, as a general proposition, that the cross-examination of an adverse witness is a legal right, and that the rule requiring the examiner to indicate the purpose of his inquiry is not applicable to cross-examination. *Stiles* v. *Estabrook*, 66 Vt. 535, 29 Atl. 961; *Knapp* v. *Wing*, 72 Vt. 334, 47 Atl. 1075; *Cowles* v. *Cowles' Est.*, 81 Vt. 498, 71 Atl. 191. But the course and extent of a cross-examination, even in matters directly relevant to the main issue, are largely within the discretion of the trial court. *State* v. *Plant*, 67 Vt. 454, 32 Atl. 237, 48 Am. St. Rep. 821. The discretion cannot be less in cases where the cross-examination relates to collateral matters affecting the credibility or competency of the witness. When it is sought to discredit a witness by inquiries regarding particular instances foreign to the issue, the exercise of the court's discretion is often determined by the nearness or remoteness of the occurrences. This is fully recognized in matters touching the moral character of the witness. It is said that in such cases all inquiries into transactions of a remote date will be suppressed, while those relating to transactions comparatively recent will be received. 1 Green. Ev. §459. When it is sought to impeach the testimony of a witness by general evidence of his bad reputation for truth, the court will often exclude evidence which relates to a period some time previous. 1 Green. Ev. §461 note. The element of time as a basis for the exercise of the court's discretion must be equally important when it is sought to discredit the skill of a witness who has given opinion evidence. It would seem that the special instances offered for this purpose should have some reasonable nearness to the time when the skill in question was exercised. It would certainly have been within the

discretion of the court to exclude evidence of a mistake made by the witness at his first investigation if offered to discredit his judgment after many years of experience. The question put left the court without any light upon the relation which the incident inquired about bore to the standing of the witness at the time he made the examination in question. The time of the occurrence could have been indicated without putting the witness upon guard any more than was necessarily done by the question as put. We think the exclusion of this one question, relating to a special instance material only upon the question of skill, without any suggestion as to the time of the occurrence, did not amount to a denial of the right of cross-examination.

*Judgment that there is no error, and that the respondent take nothing by his exceptions.*