ALFRED GREEN v. OLIN STOCKWELL AND WILLIAM STOCKWELL.

Special Term at Rutland, November, 1913.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed February 6, 1914.

*Harmless Error—Trespass—Damages—Measure—Instructions— Refusal—Error Cured by Another Instruction—Special Verdict—Inconsistency.*

In trespass against two for traveling over plaintiff's land, where the defence was a prescriptive right in defendants in particular and also in the general public, the admission of evidence that one of the defendants on several occasions crossed the land alone was harmless to defendants.

In trespass for traveling over plaintiff's land, any error in refusing requested instructions as to defendants' rights if a public way existed along the course they traveled was made harmless by a special verdict negativing the existence of such public way.

The burden of showing the amount of his damages is on plaintiff, and, where such damages can be reduced to an exact money standard he must give evidence thereof in dollars and cents; but where the damages are not susceptible of being so reduced, it is sufficient to furnish the jury with data from which they may estimate the amount of the damages with reasonable certainty.

In trespass for traveling over plaintiff's land, where the defence was that defendants had a right of way by prescription, an instruction that, in order to gain a right of way over plaintiff's land defendants' use thereof must have been for fifteen years, continuous and

uninterrupted, and that if plaintiff "asserted his rights, that stopped it; he was asserting his rights, and they must stop until those rights were settled in some way," is not erroneous as making a mere verbal objection a sufficient interruption, when that instruction is considered in connection with another that, if, within the fifteen years, there was an interruption of the use by plaintiff's obstructing the way by fence or stones, then that would prevent the obtaining of a right of way.

Charging abstract propositions of law is condemned, and so defendants were not entitled to a literal compliance with their requested wholly abstract instruction.

In trespass for traveling over plaintiff's land, where the defence was that defendants had a right of way by prescription, and the existence of the claimed right of way and the questions of damages for its use and of damages for trespasses outside of the right of way were specially submitted, and the jury found against the existence of the right of way, and returned a general verdict for $10, and a special verdict for $10 damages outside the right of way, whereupon the court directed them to retire and to indicate whether the general verdict included all damages, or only damages for travel over the claimed right of way, and the jury added to the special verdict a recital that the general verdict included all damages, this finding did not make the special finding against the existence of the right of way superfluous, as manifestly the jury intended to assess the damages for all trespasses at a lump sum, and found that defendants had no right of way over the land.

TRESPASS quare clausum. Plea, the general issue, with notice of a public way and of a prescriptive right of way in defendants. Trial by jury at the December Term, 1911, Bennington County, *Waterman*, J., presiding. Verdict for the plaintiff and judgment thereon. The defendants excepted. The opinion states the case.

*Holden & Healy* for the defendants.

*Charles A. Maurer* for the plaintiff.

POWERS, C. J. The declaration is trespass *quare clausum*, and counts on acts done on May 28, 1910, and on divers other days between that date and the date of the writ. The plea is

the general issue, with a notice setting up a public way and a prescriptive right of way across the land.

It appeared at the trial that in 1896, when the plaintiff bought the land in question, there was an opening in the wall at the south-west corner of the field, through which the defendants and others had been accustomed to pass in crossing from the highway through the plaintiff's field to the so-called East Road, near which the defendants owned and operated a saw-mill. That soon after he bought the place, the plaintiff forbade the defendants crossing there, and filled up this opening with rocks and stones, so that teams could not go through. Thereupon the defendants made a new opening by swinging around a length of fence, and this was used by them and others until the spring of 1910, when the plaintiff built a new woven wire fence around a part of his premises and across this new opening. On May 28, 1910, they went across the field with a team, and finding the wire fence across the opening, procured some wire cutters, cut the wires and passed through.

The jury returned a general verdict for the plaintiff, with a special verdict negativing a public way, and another negativing a right of way in the defendants.

The plaintiff was allowed, subject to exception, to show that on different occasions, one of the defendants went across the land in question, when he was not accompanied by the other. And it is urged that since the plaintiff had sued for joint trespasses, he could not recover for individual trespasses. The fact that the defendants did cross the land at the times testified to does not appear to have been disputed; but the claim is that so far as these occasions are concerned there was nothing to show that these several acts were authorized by the non-participating defendant. But the whole fabric of the defense was built upon the claim that the public had traveled across there so long and in such a way that it had gained a right so to do; and upon the further claim that these defendants had traveled across there so long, so often, and in such a way as to gain a prescriptive right. They testified that they had been accustomed to cross that land whenever they had occasion, without the permission of the plaintiff or his predecessors. For aught that appears this testimony relates to the very times specified by the plaintiff's witnesses. It would be absurd to assume that it did not include occasions when only one was present. The evidence complained

of, then, was in full accord with the defendant's claim, and, instead of being harmful, was helpful to them, for the more they showed they crossed, the better their defense of a prescriptive right would look. So they cannot be heard to complain. *Ware* v. *Childs,* 82 Vt. 359, 73 Atl. 994.

This view renders it unnecessary to consider the effect of the subsequent action of the plaintiff and the court in limiting recovery to those occasions when both defendants were present.

The defendants seasonably requested the court to charge that, if a public way existed at the time the gap in the fence was filled up with rocks by the plaintiff, then the defendants would have a right to go around such obstruction. This request was refused and the court charged that if the right existed and the way was blocked up, the defendants would have to stop right there, and would not have a right to open up another place and go through. To such refusal to charge, and to the charge as given, exceptions were saved. Much of the defendants' brief is devoted to the establishment of the soundness of this request. But the jury found that there was no such right there; from which it follows that the plaintiff did not wrongfully, but rightfully, fence them out. So any question as to what the defendants might lawfully have done had they established their claim, was wholly immaterial. If there was any error in this matter, it was, in view of the special finding, utterly harmless.

None of the witnesses gave, in terms of money an estimate of the amount of the plaintiff's damages. The defendants insist that this being so, only nominal damages were recoverable.

The burden of showing the amount of his damage lies on the plaintiff. And where the character of the damages is such as to be capable of being estimated by a strict money standard, he must give evidence thereof in dollars and cents. But where they are not susceptible of being reduced to an exact money standard, this rule does not apply. *Barngrover* v. *Maack,* 46 Mo. App. 407. In such cases, all that is required is that the plaintiff furnish sufficient data that the jury may estimate the proper amount with reasonable certainty. This is not to allow the jury to speculate as to the amount of the recovery, but is to submit that question to their sound judgment. The plaintiff here showed just what the defendants did. The acts complained of and the injury resulting therefrom were of just that character as to be peculiarly within the reach of that common sense

and good judgment which the jury, as men of affairs, possess. The record discloses no error in this connection.

The defendants excepted to the charge of the court on the subject of interruption of continuous possession, and to its failure to charge that the interruption or obstruction here relied upon must have been effectual to prevent the defendants from crossing the plaintiff's land. Upon this subject, the court instructed the jury, among other things, that in order to gain a right of way over the plaintiff's land, the defendants' use thereof must have been, for fifteen years, continuous and uninterrupted. And that "if the owner asserted his rights, that stopped it; he was asserting his rights and they must stop until those rights were settled in some way." The defendants say that this is an incorrect statement and they cite *Kimball* v. *Ladd*, 42 Vt. 747, wherein it is held that mere verbal objections, without actual interference, are insufficient to prevent the acquisition of the right. But in this claim, the defendants take no note of the further instruction on this subject, wherein the court said: "If you find there was an interruption of the use of the defendants by the plaintiff's obstructing the way by a fence or stones before they had used it fifteen years, then that would stop their gaining a right." It thus appears that when the court used the language first above quoted, it had reference to an assertion of the owner's right by a physical obstruction of the way. If there is any doubt about this, it is our duty to so construe the exceptions in aid of the judgment. Taken as a whole, the charge was correct, and nothing appears to indicate that the jury could be or were misled.

The other ground of exception is not briefed.

Plaintiff's counsel said in argument that Olin Stockwell, one of the defendants, did not have a right of way across the plaintiff's land prior to 1898, because that was the year he bought his piece of adjoining land, and until then he owned no such land, and therefore could have no right of way across there. In view of this argument, the defendants requested the court to instruct the jury that a right of way across the land of another may exist independent of the ownership of land in the same locality, and excepted to the failure of the court so to do.

The bill of exceptions shows that the court charged as follows: "If you find by a fair balance of the evidence that

the defendants had openly and notoriously exercised this right or privilege of crossing the plaintiff's land, as claimed by the defendants, adversely to the title of the plaintiff and under a claim of right, uninterruptedly and continuously for fifteen years, then the defendants had as full and absolute right to the enjoyment of this privilege as though the same had been acquired by them by grant or deed.''

From this it appears that the lapse of fifteen years was made an essential element of the acquisition of prescriptive rights by the defendants. To enable them to meet this requirement it was necessary to give them the benefit of their acts during at least three years of the time prior to 1898, for the suit was begun in 1910, and without this benefit the fifteen years had not run. To this charge or the sufficiency thereof, the defendants took no exception. So they had the benefit of the proposition embodied in the request. It is to be observed that the request is wholly abstract, and the defendants were not entitled to a literal compliance therewith, for charging abstract propositions of law is condemned. *State* v. *McDonnell*, 32 Vt. 491. Whether the court was, under such a request required to adapt the proposition to the case in hand is a question we need not pass upon, for we think the request was, in the circumstances, sufficiently complied with, and no error appears.

In addition to the special verdicts already referred to, the court submitted the following question to the jury: ''Did the defendants commit acts of trespass on plaintiff's land, outside of the claimed right of way? If so, at what amount do you assess the damages?'' To this question, the jury gave answer: ''$10.00.'' The general verdict was also for the sum of ten dollars. In this situation, the court explained to the jury that it was uncertain whether the verdict was to be understood to be for twenty dollars in all, or for only ten dollars in all; and asked them to retire and indicate in the answer to the above question, by adding a few words thereto, whether the sum there named did or did not cover all the damages, including the taking of the gate and the travel over the claimed right of way. The jury returned with the above question answered, ''Including all damages, $10.00.'' The defendants then moved to have the first two special verdicts set aside as superfluous and unnecessary in view of this last finding. The court overruled this motion and the defendants excepted. In this there

was no error.  It is quite apparent that, having found that the defendants had no rights over the land, the jury intended to assess the damages for what was done both within and without the claimed right of way, at a gross sum.  This view does not render the special verdicts inconsistent with each other, or unnecessary to the result; and the defendants' claim in this behalf is not sustained.

*Judgment affirmed.*