A. CHESLEY YORK v. WILLIAM W. PARTRIDGE'S ESTATE.

November Term, 1925.          .

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed January 11, 1926.          .

*Objection Not Made Below—Trusts—Trustee as Plaintiff to Enforce Trust—Pleading—Plaintiff as Trustee Must Set Out Representative Capacity—Amendment—Discretion of Court —Competency of Witnesses—Waiver of Right to Raise Question—Evidence Admitted for Purpose Other Than One Raised by Objection—Cross-examination—Inquiry into Collateral Matters in Court's Discretion—General Exceptions— Errors Favorable to Excepting Party.*

1. In general assumpsit against estate to recover overdue installments payable under separation agreement between deceased and his wife, objection that such agreement ought not to have been admitted, being under seal and general assumpsit not lying on a sealed instrument, not having been made below, cannot be urged in Supreme Court on appeal.

2. Trustee under separation agreement between husband and wife, to receive payments from husband for support and benefit of wife, was proper party in suit against deceased husband's estate to recover overdue installments under such agreement.

3. When one sues as trustee, he must set out his representative character, to do which it is not sufficient to merely add word "Trustee" to plaintiff's name, but pleader should go further and show that suit is brought for a designated *cestui que trust.*

4. Even though granting plaintiff leave to amend his complaint puts defendant to a disadvantage, defendant's claim that court's action was an abuse of discretion in that it took him by surprise is unavailing, where he failed to apply for a continuance to enable him to meet the unexpected situation.

5. In action by trustee against estate to recover overdue installments under separation agreement between deceased and his wife, where defendant permitted both wife and trustee to testify without objection, court did not err in overruling motion made thereafter to strike out their testimony because of their incompetency on account of husband's decease, defendant by his silence having waived question of competency.

6. In such action, admission of evidence by wife of agreement of deceased to pay overdue installments, excepted to on ground that such promise would not toll the statute of limitations, held not erroneous, since it was admitted on question of reconciliation only, for which purpose it was admissible.

7. A wide latitude should be allowed in cross-examination, the right extending to all facts in issue and all facts relevant thereto, and the rule as to relevancy being liberal, but extent of inquiry into collateral matters rests in sound discretion of trial court.

8. Exception to findings and the judgment thereon held too general to be availing.

9. Where some requests for findings were complied with, and some involved controverted questions of fact, exception to refusal of court to find as requested is too general to require consideration.

10. Excepting party cannot avail himself of error in his favor.

APPEAL from probate court for District of Hartford from disallowance of claim by commissioners on estate of William W. Partridge, deceased. Trial by court at the June Term, 1923, Windsor County, *Willcox*, J. Judgment for claimant designated in opinion as plaintiff. The estate excepted. The opinion states the case. *Affirmed.*

*Roland E. Stevens* and *Robert R. Twitchell* for the estate (defendant).

*Fred Bicknell* and *John Devine* (Boston, Mass.), for claimant (plaintiff).

POWERS, J.  On February 17, 1913, William W. Partridge and Florice S. Partridge, his wife, being then domiciled in the state of Massachusetts, entered into a separation agreement, by the terms of which, Partridge agreed with A. Chesley York, who was named as trustee of said Florice, to pay to York, for the support and benefit of Florice, the sum of fifty dollars per week as long as the Partridges remained husband and wife.  This agreement was in writing, and was signed and sealed by all the parties hereinbefore named.  Therein, York covenanted and agreed to collect the payments specified and pay them over to Mrs. Partridge, in accordance with the terms of the instrument.

Partridge defaulted the payments called for by the agreement.  Mrs. Partridge obtained a divorce from him in Massachusetts, by a decree nisi dated March 17, 1917, which became absolute September 16, 1917.  She afterwards married a man name Towle.  Partridge died leaving property in this State, and administration on his estate was taken out in the district of Hartford.  Commissioners were duly appointed, and the trustee aforesaid presented to them a claim for the sums Partridge owed under the separation agreement.  This claim was disallowed, and the claimant appealed.  The case was tried below by the court, and judgment was rendered for the claimant on facts found and filed.  The estate brings the case here on exceptions.

For convenience, the appellant will be hereinafter referred to as the plaintiff, and the appellee, as the defendant.  The latter will also be personified.

The record shows that the claim was presented to the commissioners in the name of ''A. Chesley York, Trustee of Florice S. Partridge.''  But when the plaintiff filed his complaint as required by G. L. 3459, he entitled it ''A. Chesley York v. Estate of William W. Partridge, and the Administrator of that Estate'';  and he pleaded therein by way of the common counts in assumpsit as for a debt due him, individually.  His specification and other papers are entitled as above.  When, at the trial, the plaintiff offered the separation agreement in evidence, the defendant objected on the ground that the agreement was with York as trustee of Mrs. Partridge, while the party plaintiff in the case on trial was York as an individual.  The objection was overruled, and the defendant excepted.  Later in the trial, and before the defendant began putting in evidence, the plaintiff was allowed

to amend his papers by adding to the plaintiff's name therein, the word "Trustee." To this, the defendant excepted.

[1]   It is now claimed that the agreement ought not to have been admitted because it was under seal, and that general assumpsit does not lie on a sealed instrument—*Myrick* v. *Slason*, 19 Vt. 121, and *McKay* v. *Darling*, 65 Vt. 639, 27 Atl. 324, being cited. But this point was not made below and therefore cannot be urged here, and we are not called upon to consider how, if at all, the rule of the cases referred to is affected by the Practice Act.

[2-4]   That the trustee, as such, was the proper party to enforce the intestate's undertaking in proceedings at law, does not admit of denial. The promise was made to him; he agreed to enforce it; the legal title was in him; he, alone, could sue at law. Perry, Trusts, § 328; 1 Chitty, *2; *Oatman* v. *Barney*, 46 Vt. at p. 599. When one sues as a trustee, he must set out his representative character, since, in the eye of the law, the individual and the trustee are separate and distinct persons. 26 R. C. L. 1345. Though the sufficiency of the amendment here allowed is not questioned, we ought to say, lest our silence be taken as an approval thereof, that in such cases it is not enough to add the word "Trustee" to the plaintiff's name, for that is merely *descriptio personae*. *Straw et al.* v. *Mower et al.*, 99 Vt. 56, 130 Atl. 687; *Leonard* v. *Pierce*, 182 N. Y. 431, 75 N. E. 313, 1 L. R. A. (N. S.) 161. The pleader must go further and show that the suit is brought for the benefit of a designated *cestui que trust*. *Riley* v. *Filhian*, 65 N. J. Eq. 399, 54 Atl. 143; *Marion Bond Co.* v. *Mexican C. & R. Co.*, 160 Ind. 558, 65 N. E. 748. See *Trask* v. *Carrick*, 87 Vt. 451, 89 Atl. 472. This requirement is to enable the parties to take advantage of the judgment as a bar in subsequent suits. *Sherman & Ellis, Inc.* v. *Indianapolis Castings Co* (Ind.), 144 N. E. 17. The defendant practically admits that the allowance of such an amendment as was here permitted would ordinarily be within the discretion of the trial court, but insists that in the circumstances of this case, it was an abuse of discretion, because it took him by surprise. But even so, this will not avail him here. If, in fact, the action of the court in allowing the amendment put him to a disadvantage, due diligence and proper procedure required that the defendant apply for a continuance to enable him to prepare to meet the unexpected situation. *Congdon* v. *Torrey*, 95 Vt. 38, 112 Atl. 202. In this view

of the matter the amendment rendered the error complained of in the admission of the agreement harmless and unavailing.

[5]    Both Mrs. Towle and York were witnesses improved by the plaintiff and gave testimony on the material issues in the case. No objection to their competency was made, but afterwards the defendant moved the court to strike out their testimony because they were incompetent on account of Partridge's decease. This motion was overruled, and the defendant excepted. The ruling was without error. By his silence, the defendant waived the question of the competency of the witnesses. *Cowles* v. *Cowles' Estate,* 81 Vt. 498, 71 Atl. 191; *Cook* v. *Lane,* 86 Vt. 253, 84 Atl. 864; *Comstock's Admr.* v. *Jacobs,* 89 Vt. 133, 94 Atl. 497.

[6]    Mrs. Towle was allowed to testify that at a certain interview in 1918, Partridge agreed to pay the overdue installments under the separation agreement. This was excepted to on the ground that such a promise would not toll the statute of limitations. A sufficient answer to this claim is that the evidence was not received for that purpose. It was admitted on the question of reconciliation, only. For this, it was admissible.

[7]    For discrediting purposes, the defendant sought to inquire of Mrs. Towle regarding various matters not directly relevant to the questions in issue. The court declined to allow it, and the defendant excepted. The right of cross-examination is not to be impaired in any of its aspects. But its extent is within the discretionary control of the trial court, provided the right itself is not infringed. This right extends, no doubt, to all facts in issue and all facts relevant thereto; and the rule of relevancy is somewhat more liberal when considered with reference to a cross-examination. 5 Jones, Ev., § 826. A wide latitude is and should be allowed a cross-examiner. We have often said, as in *State* v. *Pierce,* 88 Vt. 277, 92 Atl. 218, that the modern tendency is toward greater liberality of cross-examination for the purpose of finding out who or what the witness is. But this by no means implies that the courts have abrogated the rule above stated. The pursuit of a witness into the realm of collateral matters must, of necessity, end somewhere—or litigation would not. The trial court's sound discretion must fix that limit, though the exercise of this administrative function be attended with some difficulties. This is the effect of our own holdings, and accords with the authorities. *State* v. *Slack,* 69 Vt. at p. 493; *McGovern* v. *Hays,* 75 Vt. at p. 108, 53 Atl. 326; *State* v. *Meehan,* 86 Vt. at p.

249, 84 Atl. 862; *Pette's Admr.* v. *Old English Slate Quarry,* 90 Vt. at p. 91, 96 Atl. 596; *Congdon* v. *Torrey,* 95 Vt. at p. 42, 112 Atl. 202; 3 Chamb., Ev., § 2518; 5 Jones, Ev., § 821. The record does not show harmful error in this ruling.

[8] The defendant argues that the agreement cannot be enforced for the following reasons: (1) Because no legal marriage was established; (2) because of the statute of limitations; (3) because of the divorce; (4) because of a reconciliation and resumption of cohabitation. The trouble with these claims is that, so far as they are based upon facts, the findings are to the contrary, and the defendant has no available exception to the findings. To be sure, the record shows that "exception to the findings and to the judgment thereon was seasonably noted for the appellee." This form of reserving exceptions is altogether too general to be availing—as we expressly held in *Landon* v. *Hunt,* 82 Vt. 322, 73 Atl. 865.

[9] The defendant seasonably filed several requests for findings, and, as the record runs, "excepted to the refusal of the court to find as requested." This exception, too, is not sufficiently specific. Some of the requests were complied with; some involved controverted questions of fact. In such circumstances, the exception attempted is too general to require consideration. *Rugg* v. *Degnan,* 96 Vt. 175, 118 Atl. 588; *Morgan* v *Gould,* 96 Vt. 275, 119 Atl. 517.

[10] The court below made two computations of the amounts due under agreement: One; with interest figured to March 17, 1917, the date of the decree nisi; the other, with interest figured to September 16, 1917, the date on which the decree became absolute. The judgment was predicated upon the first-named computation. We are not called upon to decide which of these dates controlled, for if any error was committed in the choice made by the court, it was in the defendant's favor, and therefore cannot be availed of here. *Ware* v. *Childs,* 82 Vt. 359, 73 Atl. 994; *Green* v. *Stockwell,* 87 Vt. 459, 89 Atl. 870.

The foregoing discussion covers all the questions of any importance raised at the trial and properly presented here. Much of the defendant's brief is devoted to matters dehors the record, to which we give no attention. Nor do we give any attention to questions not so raised and presented.

*Judgment affirmed. Let the result be certified to the Probate Court.*