The opinion of the court was delivered by
Williams, Ch. J.
— This is a question as to the settlement of a pauper. The evidence should have been submitted to a jury, under a charge of the court, for them to find the fact of the pauper’s residence. Sufficient however is stated in the case, as it is presented, to enable this court to mqke'a decision. It is contended, and probably correctly, that the pauper gained a settlement in Newbu-ry, prior to 1812. If so, it was from the fact of her residing there after the year 1801, without being warned out. The statute of 1797 gave a settlement from residence only to persons coming and *412 residing in this state, in the town where they first resided for one full year. The statute of 1801 gave a settlement to all persons residing one year in any town, without being warned out. This pauper was never warned, either in Newbury or Topsbam. As to persons having a family, their residence is usually determined by the place where their family reside, though the head of the family may be absent. The case of Burlington vs. Calais, (1 Vt. Rep. 385) was determined upon this ground. The case of Middletown vs. Poultney, (2 Vt. Rep. 437) was attempted to be placed upon the same ground by the town of Middletown, but it was distinguished from the cases where this principle was decided, from the fact that the family of the pauper was broken up, and the wife returned to her father’s, not in consequence of any arrangement made by the husband. In relation to single persons, and those who go out to work, or reside, from time to time, with their connexions or friends, it is more difficult to ascertain the place of their residence, with a view of fixing their settlement. Questions in relation to the residence of these kind of persons, are frequent in the settlement cases, and they have usually been determined, on ascertaining the place where they have kept their clothes, or. what little property they may have possessed, and to which they resort, as their home, when out of employment. Hence the inquiry where they have kept their chest or their furniture, when they have bad any, has usually been considered as of importance, (as it is in this case) for the purpose of ascertaining where their home was.
In the case of Boardman vs. Beckford and his Trustees, (2 Aik. 345) this fact became of importance for the purpose of ascertaining the residence of Beckford, and whether he bad been an inhabitant of this state. — He was sued as an absconding debtor.— This was denied in the plea, and it Was held that where a single man, having a usual place of resort as a home in New-Hampshire, came into this state under a contract to teach a school for three months, leaving a chest of clothes there, and going once or twice to exchange them during said term, and then returning at the expiration of three months, he did not thereby become an inhabitant of this state. The case of the Mariner, (4 Mass. Rep. 312) was of this description. The residence, wherever it is, must be open, not concealed. As to single persons, whose business or employment calls them away from home a great part of the time, or who are from time to time living with their friends and connexions, it is always attended with more or less difficulty to ascertain the place of their actual residence. It was not so however in the case under *413 consideration. Upon inquiry, the selectmen^of Topsham could easily have ascertained facts sufficient to warrant them Jin warning this pauper, if they wereapprehensive of her becominglcbargeable, or did not wish to have her obtain a settlement in Topsham. Her residence was altogether different from the one mentioned in the case of Newbury vs. Harvard, (6 Pick. 1,) where the residence was designedly concealed. In this case, if the pauper gained a settlement in Newbury, it was because she carried her bed and two chests to Ford’s in Newbury, about the year 1804, and remained there until 1812. After that she carried them back to Topsham, to her brother’s, and this was the place to which she usually resorted and returned, until her brother, in 1829, removed from Tops-ham — after which, she still continued there with her/riends, until 1832. The facts found in this case are, that she had at her brother’s, in Topsham, her beds, chests, chairs, &,c. during the time of her remaining there, which was certainly enough to designate the town of Topsham as her residence or home. From this view of the facts, we come to the conclusion that her residence was in Tops-ham, and was of that character, as to give her a settlement under the act of 1801, and also under the act of 1817, having resided there more than seven years after the year 1823, without being chargeable to the town.
Judgment of county court is therefore affirmed, and the pauper was duly removed.