State *v.* Archibald.

## STATE *v.* FRANK P. ARCHIBALD.

*Criminal Law. Breach of the Peace. Pleading.*
*R. L. s. 4228.*

1. A count in an indictment under the statute,—R. L. s. 4228,—is sufficient, which charges that the respondent "*quarreled* with the said * * * by cursing and swearing at the said * * * and by calling him opprobrious names, * * * which carriage of * * * had the effect * * * to disturb the public peace," although there was no allegation of *intent*.

2. PLEADING. The statute provides that a person who "disturbs or breaks the public peace by tumultuous and offensive carriage," etc., shall be punished, etc. The sufficiency of a count which merely charged that the respondent broke the public peace "by his tumultuous carriage" is doubted.

3. A charge as to what constitutes a breach of the peace,—*q. v.*—is sustained.

INDICTMENT under section 4228, R. L. The respondent demurred, and the demurrer was overruled. Trial by jury, December Term, 1885, TAFT, J., presiding. Verdict, guilty. It was alleged in the second count that the respondent "with force and arms did disturb and break the public peace by his

tumultuous carriage then and there exhibited to the public, to wit : the said Archibald then and there with a loud, angry and boisterous voice and in a noisy and tumultuous manner in the presence of divers good citizens of this State called one George H. Day vile, vulgar, obscene and opprobrious names and then and there in a loud, tumultuous and boisterous manner cursed and swore at the said Day, and then and there in a loud, boisterous and tumultuous manner used and applied vile, blasphemous, obscene and indecent names to the said Day, and then and there quarreled with the said Day by cursing and swearing at the said Day, and by calling him opprobrious, indecent and obscene names, which carriage of the said Archibald so by him exhibited had the effect to annoy the good citizens of the State then and there present, destroy their comfort and disturb the public peace," etc.

Requests :

" 1st. Define what is the public peace and what acts and conduct will constitute tumultuous and offensive carriage, so as to render the respondent liable under section 4228 of the Revised Laws, the statute on which this indictment is predicated.

" 2d. What acts make a person liable to punishment for tumultuous carriage as alleged in the indictment.

" 3d. In order to find the respondent guilty of tumultuous carriage as alleged in the indictment the jury must find that the respondent's conduct was such as to show a determination to do some grievous bodily harm to a person towards whom it is directed ; and must be put forth in a desperate and reckless manner, accompanied by acts showing a formal intent to execute them ; must be intended to put the person against whom the acts complained of are made in fear of bodily harm, and must produce that effect upon a person of ordinary firmness.

" 7th. We have a statute against swearing and blasphemy, and the respondent can not be found guilty of either offence under this indictment."

Charge of court :

" Any person is entitled to protection from any violence or disturbance by his fellow-citizens ; and the public peace is that sense of security which every person feels and which is neces-

State *v.* Archibald.

sary to his comfort and for which government is instituted, and a breach of the public peace is the invasion of the security and protection which the law affords every citizen. Now to apply the rules relating to this offense to this case ; these rules that I have stated to you, the court tell you that a breach of the peace may be committed in the manner that is alleged in the indictment by tumultuous carriage and by quarreling in the manner that is stated and set forth in the indictment, by the quarreling and calling names, applying these obscene and vulgar epithets to a party. For instance, if the respondent did the acts which the testimony tends to show that he did, if he stood on the walk there or platform in front of his house or his building, and in loud and angry tones spoke to Day as the testimony tends to show that he did, or of him, using the language and epithets testified to, language and epithets that are so vile and profane and obscene and vulgar that one blushes to repeat them, with many persons then within hearing of him and in the midst, as the testimony tends to show, of the village, so that he could be heard around the neighborhood to such an extent that it was an annoyance, and would wantonly annoy and disturb those in the vicinity, he would be guilty of the breach of the peace by these acts."

*Norman Paul* and *William E. Johnson*, for the respondent.

The indictment is insufficient, as it does not allege the respondent committed either of the offenses set forth in the statute, which constitute a breach of the public peace. *State* v. *Riggs*, 22 Vt. 321.

"An indictment accusing a man in general terms, without ascertaining the particular fact laid to his charge, is insufficient." 5 Bac. Abr. 69 ; *State* v. *Matthews*, 42 Vt. 542.

"The indictment must allege everything which it is necessary for the respondent's conviction to prove against him." *State* v. *Philbrick*, 31 Me. 401 ; *People* v. *Gates*, 13 Wend. 311 ; *State* v. *Day*, 3 Vt. 138 ; *State* v. *Northfield*, 13 Vt. 565 ; *State* v. *LaBore*, 26 Vt. 765 ; *State* v. *Benjamin*, 49 Vt. 101 ; *State* v. *Higgins*, 53 Vt. 191 ; 1 Bish. Cr. Proc. 519.

The respondent was entitled to have his requests to charge

complied with. *Fletcher* v. *Howard*, 2 Aik. 115 ; *Vaughan* v. *Porter*, 16 Vt. 266 ; *Westmore* v. *Sheffeld*, 56 Vt. 239 ; *State* v. *Benedict*, 11 Vt. 236.

*Wm. Batchelder*, *State's Attorney*, for the State.

The demurrer was properly overruled. The indictment sets forth a breach of the peace by *quarreling*. *State* v. *Hanley*, 47 Vt. 290 ; *State* v. *Barrows*, 57 Vt. 526 ; *State* v. *Little*, 1 Vt. 331 ; *Commonwealth* v. *Griffin*, 21 Pick. 523.

The allegations as to tumultuous carriage and calling names may be treated as surplusage and rejected, and enough remains to show an offense under the law. *State* v. *Dewey*, 55 Vt. 550 ; *State* v. *Barrows*, 57 Vt. 576 ; 1 Bish. Cr. Proc. 480.

The charge was correct. *State* v. *Benedict*, 11 Vt. 236 ; *State* v. *Riggs*, 22 Vt. 321.

The opinion of the court was delivered by

ROYCE, Ch. J. The indictment is under R. L. sec. 4228, which provides that a person who " disturbs or breaks the public peace by tumultuous and offensive carriage, by threatening, quarreling," etc., shall be punished as prescribed ; and the respondent claims that the indictment is insufficient in that it does not allege that the respondent committed either of the offenses set forth in the statute, which constitute a breach of the public peace.

Referring to the indictment, it will be seen that it charges in the first count that the respondent, on a day certain, at a place certain, with force and arms, " did disturb and break the public peace by his tumultuous carriage then and there exhibited to the public," and then proceeds to specify wherein this " tumultuous carriage " consisted, and to declare that it had the effect to disturb the public peace. The second count, opening in the same language as the first, but charging the offense on another day, adds the allegation that the respondent " then and there quarreled with the said Day, by cursing and swearing at the said Day, and by calling him opprobrious, in-

State v. Archibald.

decent and obscene names," which, it is alleged, had the effect to disturb the public peace.

Several acts or offenses, necessarily different and distinct, are embraced within the terms of the statute; and an indictment under it must, unquestionably, charge with the degree of certainty and particularity required in criminal pleading, the commission of some one of these acts or offenses, and that the effect of it was to disturb or break the public peace. The first count of this indictment is certainly open to criticism. "Tumultuous and offensive carriage," in the conjunctive, is one of the things denounced by the statute. The first count charges "tumultuous" but not "offensive" carriage, and the objection that it failed to charge a complete offense would have much force. A man's carriage might, conceivably, be "tumultuous," as in the noisy expression of joy over some great national good or achievement, and yet be the opposite of "offensive," and tend to spread rejoicing and good-will rather than to disturb or break the public peace, in the true sense of that term.

But it is unnecessary to pass upon this point, as in our judgment the second count sufficiently charges another and distinct offense named in the statute, which is a breach of the public peace by *quarreling;* and as the evidence strongly sustains that charge, the conviction may properly stand upon the second count. State v. *Hanley,* 47 Vt. 290; State v. *Carpenter,* 54 Vt. 551.

No allegation of an *intent* to break the public peace was necessary. The statute does not require it, and the act is of a character which necessarily imports intent.

In the view above taken the respondent's second, third and seventh requests to charge, as well as a part of the first, become immaterial; and upon the points raised by the other requests we think the charge of the court was as full and explicit as could be required, and that the law was correctly stated by the learned judge.

The evidence received as to what was said by the respondent, the manner in which it was said, and what transpired, was

properly admissible upon the question of whether the words and acts of the respondent amounted to quarreling, and had the effect to break or disturb the public peace.

We find no error in the record, and the respondent takes nothing by his exceptions, and is sentenced to pay a fine of twenty dollars and costs, with the alternative sentence as prescribed by the statute.