THOMAS MANN v. BRIDGET HALEY.

May Term, 1906.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, and MILES, JJ.

Opinion filed July 6, 1906.

*Debt   on   Judgment—Settlement—Validity—Consideration—*
*·Deceit—Attorney's Lien.*

During the pendency of an action of debt on judgment wherein plain-
tiff sought to hold an insurance company as the trustee of the
defendant on a matured life insurance policy in which defendant
was named as beneficiary, the defendant's attorney, without the
knowledge of the plaintiff's attorney, settled with the plaintiff, who
later claimed that the settlement was obtained by the false and
fraudulent representation that the plaintiff could get nothing by
a contest, as the trustee could not be held.  The only evidence as
to liability of the trustee was that of the said attorney, who testi-
fied that the trustee was an Illinois corporation, and the policy
an Illinois contract, but that the insured's application therefor was
made in this State.  *Held,* that there was nothing in this to show
that the said statement made to the plaintiff was false.

Since the liability of the trustee could be honestly questioned, and was
the matter in dispute, the disposition of that question afforded a
sufficient consideration for the settlement of the suit, though for
a sum of money less than the judgment debt.

Since the record does not show that the plaintiff's attorneys had an
unpaid bill against their client, their claim that they had a lien
on said judgment for their services and disbursements in procuring

it, and that said settlement could not be made in disregard of their rights, is not considered.

DEBT ON JUDGMENT. Plea, accord and satisfaction. Trial by court in the City Court of the city of Burlington, *Mower*, Judge. Judgment for the defendant. The plaintiff excepted. The judgment declared upon was for $105.46, and defendant's liability thereon was undisputed. The suit was settled for $95.00. It appeared that the plaintiff's attorneys in this case were his attorneys in the original suit in which the judgment declared upon was rendered, and that defendant's attorney knew this when he made the settlement.

*Powell & Powell* for the plaintiff.

The judgment declared upon is a liquidated claim. The mere part payment of a liquidated claim is an insufficient consideration to support an accord and satisfaction. *Keeler* v. *Salisbury*, 33 N. Y. 653; *Harrison* v. *Henderson*, 100 Am. St. Rep. 429; *Webber* v. *Couch*, 134 Mass. 26; *Leeson* v. *Anderson* (Mich.) 41 Am. St. Rep. 597; *Rose* v. *Hall* (Conn.) 68 Am. Dec. 402; *Bailey* v. *Day*, 26 Me. 88; *Wheeler* v. *Wheeler*, 11 Vt. 66; *McDaniels* v. *Lapham*, 21 Vt. 234; *Goodwin & Co.* v. *Follett*, 25 Vt. 389; *Walan* v. *Kerby*, 99 Mass. 3; *Twitchell* v. *Shaw* (Mass.) 57 Am. Dec. 81; *Conn. River Lbr. Co.* v. *Brown*, 68 Vt. 239.

This cannot be considered a compromise, because a compromise is based upon a disputed claim. *Harrison* v. *Harrison*, 100 Am. St. Rep. 394. And it is not a release, because not under seal. *Buck* v. *Kittle's Est.*, 49 Vt. 291.

Powell & Powell had a valid attorney's lien on the judgment declared upon. *Hooper* v. *Welch*, 43 Vt. 171; *Weed* v. *Boutelle*, 56 Vt. 581.

*R. E. Brown* and *J. E. Cushman* for the defendant.

The alleged false representations of defendant's attorney were mere statements as to his opinion of the law involved in the case, and afford no ground for the rescission of the contract.    14 Am. & Eng. Enc. 54; *Upton* v. *Tribilcock,* 91 U. S. 45; *Abbott* v. *Treat,* 78 Me. 121.

Plaintiff's attorneys had no lien on the judgment. *Hooper* v. *Welch,* 43 Vt. 170; *Weed* v. *Boutelle,* 56 Vt. 578; *Parker* v. *Parker,* 71 Vt. 392.

MUNSON, J.   The suit was brought in 1905 upon a judgment obtained in 1902, and was tried on a plea of accord and satisfaction.   The Catholic Order of Foresters, in which the life of defendant's son had been insured for defendant's benefit, was summoned as trustee.  The settlement with plaintiff was effected by defendant's attorney without the knowledge of plaintiff's attorney, and plaintiff claims that it was obtained by false and fraudulent representations.   The representation made was that the plaintiff could get nothing by a contest, as the trustee could not be held.   The only evidence touching the liability of the trustee was that of the attorney who made the representation, who testified that the trustee was an Illinois company and the contract an Illinois contract, but that the application was made in this State.   There is nothing in this to show that the statement made to the plaintiff was false.

Plaintiff contends further that the settlement was invalid for want of consideration.   It is argued that the judgment was a liquidated and incontestible demand, and that there could be no binding settlement of it for less than the full amount. But the right to hold the trustee was the matter in dispute, and

that was a claim that could be honestly questioned, and the circumstances were such that the disposition of it afforded a consideration for the settlement made. The matter was in suit, and an adverse judgment on the trustee process would have subjected the plaintiff to the payment of costs already incurred, and a contest would have increased the costs involved. An unquestioned judgment may be satisfied by a payment of less than its amount, in the settlement of a disputed matter collateral to the judgment.

Plaintiff's attorneys also claim that they had a lien on the judgment for their services and disbursements, and that a settlement could not be made in disregard of their rights. It is not necessary to consider the legal aspect of this claim. It is assumed in argument that the attorneys had an unpaid bill against their client, but there is nothing in the case to show that they did have.

*Judgment affirmed.*