O. B. Landon *v.* B. A. Hunt.

May Term, 1909.

Present: Rowell, C. J., Munson, Watson, Haselton, and Powers, JJ.

Opinion filed August 4, 1909.

*Set-Off—Subject-matter—Assigned Claims—Notice of Assignment—Exceptions—Sufficiency—Record—Evidence.*

In an action of assumpsit, where it appeared that defendant, by the terms of a verbal lease of his farm and cows, was entitled to a designated amount of the milk money, he could not set off against plaintiff's account money that the latter had paid the lessee for milk without notice of the agreement; nor could such offset be made without proof that the lessee was still indebted to defendant.

An exception "to the finding of facts and to the judgment" is too general to be available. The questioned finding should have been designated, and its claimed fault specified.

Excerpts from the testimony, certified by the reporter, but not made a part of the exceptions by reference or otherwise, are no part of the record in Supreme Court.

GENERAL ASSUMPSIT. Pleas, the general issue, payment, Statute of Limitations, and offset. Trial by court at the December Term, 1908, Lamoille County, *Waterman*, J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case.

*B. A. Hunt pro se.*

*W. E. Tracy* for the plaintiff.

POWERS, J. This judgment will have to stand unless error is found in the disallowance of an item of $85 on the defendant's specification in offset.

In the year 1900, the defendant leased a farm, together with twenty cows, to a man named Walker; the lease was verbal and it was understood between Walker and the defendant that the latter should have the milk money until he had received the sum of $16 per cow. Walker sold the milk to the plaintiff who paid him for it by crediting it in his store account, until he received notice of the arrangement above noted,—after which he credited all the milk to the defendant. The amount so credited to Walker was $85, and this is the disputed item. The issue was tried by the court, and the findings state that "there was no evidence tending to show whether Walker was or was not indebted to the defendant." In these circumstances, the item was properly disallowed. The defendant's right to the milk money either depended upon an assignment thereof which would not be good against the plaintiff until he had notice of it; or upon a lien thereon as security for the amount specified, which would not be good against the plaintiff after the requirements of the lease had been satisfied. In other words without proof of a debt from Walker to the defendant, there is nothing for a lien to stand as security for. *Mann* v. *Haley*, 79 Vt. 66, 64 Atl. 449.

The defendant attemps to challenge the finding that there was no evidence of a debt from Walker to the defendant. He makes this attempt under an exception thus stated in the bill: "The defendant excepted to the finding of facts and to the judgment."

Such an exception is too general to be available. The particular finding should have been pointed out and the particular fault therein should have been specified.

Besides, even if we were to treat the exception as sufficient, the transcript is not referred to, so there is nothing before us by which we can test the finding. To be sure, we are supplied with what are apparently excerpts from the testimony, certified to by the reporter, but these are not made a part of the exceptions by reference or otherwise, so their use is unwarranted. *Sargeant* v. *Leland,* 2 Vt. 277; *Wheelock* v. *Sears,* 19 Vt. 559; *Child* v. *Pinney,* 81 Vt. 314, 70 Atl. 566; *Royce* v. *Carpenter,* 80 Vt. 37, 66 Atl. 888.

*Judgment affirmed.*