TOWN OF MOUNT HOLLY *v.* TOWN OF PLYMOUTH.

May Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed October 11, 1915.

*Review—General Exception to Insufficiency of Evidence— Paupers—Support—Liability of Towns—Change of Residence.*

Where there are many findings of fact, an exception "upon the ground that there was no evidence to support the finding of facts and the judgment for the plaintiff," is too general to reserve a question as to the sufficiency of the evidence to support any particular finding.

One can change his domicile only by an act and concurrent intent, there must be actual removal without intent to return.

An unmarried man, actually resident in a particular town, who left his trunks and personal effects there and made a temporary visit to his sisters elsewhere, with the intent to return to that town if he could there find satisfactory employment, but without any place therein to which he had a right to return, did not change his residence so as to affect the liability for his support as a pauper.

ASSUMPSIT to recover money expended in the support of a pauper. Plea, the general issue. Trial by court at the September Term, 1914, Rutland County. Judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Stickney, Sargent & Skeels* and *Ernest E. Moore* for the defendant.

*Charles L. Howe* for the plaintiff.

WATSON, J.   It was conceded in the court below, that on February 24, 1902, Morgan, a single man and the present poor person, had resided in the defendant town for more than three consecutive years then last past, and that had he then been a poor person in need of assistance, he would have been chargeable to that town.   The question therefore is, Do the facts found show that since the date mentioned, he has resided in any other town for the space of three years, supporting himself?   P. S. 3667.   Defendant says the findings show that he did so reside in the town of Cavendish for more than the required time.

No claim is made, nor could there well be, that the pauper retained his residence in the defendant town after moving from there on the date above named, going into the town of Mount Holly where he remained until November 28, 1904.   On this day he began work in the town of Cavendish, and continued to work there for two different employers, until April 7, 1906, when he went to work in the plaintiff town.   On October 14, 1906, he went back to Cavendish, and on the next day commenced work there for one of his previous employers,—his trunks were already there,—and thenceforth worked for him continuously until October 9, 1909.   Two days later he went to visit a sister in Brattleboro, and another sister who lived at Fort Edward, New York. and from the latter place he went to Mount Holly, getting there October 16, and remaining over night.   Then he returned to Cavendish, and the next day, October 18, 1909, he took his trunks and all his personal belongings, and went to the plaintiff town. He has not lived in Cavendish since.

It is found that when the pauper went away from Cavendish on April 7, 1906, and also on October 11, 1909, "It was his intention to return to that town if he could there find satisfactory employment; and further, that on neither of those occasions did he have a home or residence in the town of Cavendish to which he had a right to. return."   The defendant says in argument that this finding of a conditional intention to return, was without evidence.   However true this may be, the only exception upon which such an argument can possibly be based was "upon

the ground that there was no evidence to support the finding of facts and the judgment for the plaintiff''; and this is too general to raise the question as to any particular fact, apart from the many found. *Landon* v. *Hunt,* 82 Vt. 322, 73 Atl. 865. The case is for consideration on another exception to the judgment only.

In *Barton* v. *Irasburgh,* 33 Vt. 159, it is said: ''A householder who has a family and a house to return to, a single person who has an accustomed home, or personal effects and worldly goods to go back to, may well be supposed to have an intention of returning. Hence in many cases the place where one keeps his effects, his chest, etc., is said to be his home. If he take his all with him and leaves no home behind him, then he may be thought more reasonably to carry his home with him. His places of residence have no fixed purpose and are easily moulded to any views which business, profit or pleasure may suggest. The intention where to reside may fluctuate from day to day.'' This was noted with approval in *Jericho* v. *Burlington,* 66 Vt. 529, 29 Atl. 801. Largely to the same effect is *Newbury* v. *Topsham,* 7 Vt. 407. In *Berlin* v. *Worcester,* 50 Vt. 23, it is said: ''The presumption, as shown by the cases cited, is, that a single person, when working out for a living, is domiciled or has his home where he performs his service, takes his meals, and has his apparel cared for. That is the place where he has a right to be and remain during the term of service, and it is incumbent upon the town asserting that the home or domicile of such a person is at a place different from the one where he or she is abiding, to show affirmatively that there is some other place to which such person has by contract or understanding the right to return when the term of service is completed, and has also the present and continuing intention so to do.''

The trip taken by the pauper to visit his sisters, as above stated, did not operate to change his residence. At most, that was but a temporary absence from home. The only finding upon which a change of domicile is claimed as of the time when he thus went away, is the one noticed above, showing the conditional intention to return to Cavendish, and the further finding in connection therewith that he did not have a home or residence there to which he had a right to return. But he had not abandoned that town as the place of his residence. The change rested solely in his aforesaid conditional intention, without any acts of

actual removal until October 18, 1909, when, taking his trunks and personal belongings with him, he moved from there to the plaintiff town, never thereafter returning. In *Bulkley* v. *Inhabitants of Williamstown,* 3 Gray 493, in an opinion by Chief Justice Shaw, it is said that one of the fixed rules on the subject is, that a person's purpose to change, unaccompanied by actual removal or change of residence, does not constitute a change of domicile; that the fact and the intent must concur; that he must remove, without the intention of going back. This is in accordance with the holdings in *Jamaica* v. *Townshend,* 19 Vt. 267, and in *South Burlington* v. *Worcester,* 67 Vt. 411, 31 Atl. 891.

We hold, therefore, that between the 14th day of October, 1906, and the 18th day of October, 1909, the pauper resided in the town of Cavendish for the space of more than three years, supporting himself. And consequently the defendant is not liable for his support sought to be recovered in this action.

*Judgment reversed, and judgment for defendant to recover its costs.*