## H. A. RUGG *v.* M. H. DEGNAN.

### May Term, 1922.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

### Opinion filed October 11, 1922.

*Trial—Findings of Fact—General Exceptions—Conclusiveness of Findings—Arrest Without Warrant—Justification Under Warrant.*

1. Where the plaintiff requested the court to make certain findings as to facts, the existence of which was expressly denied by the defendant's testimony, refusal to comply with such request was warranted.

2. A general exception to the refusal of a court to make several findings of fact as requested is unavailing when one of the requests was properly refused.

3. A general exception to a court's findings of fact, which includes all the findings made, as "vague, indefinite, and ambiguous," is unavailing where many of the findings are neither vague, nor indefinite, nor ambiguous.

4. A finding by the trial court that an arrest was made while a breach of the peace was being committed is conclusive on exception to the Supreme Court, it being a question of fact.

5. An officer is justified in arresting without a warrant a person who is engaged in committing a breach of the peace.

6. In an action for false imprisonment, notwithstanding there is no express finding that the plaintiff, when arrested on railroad property, was there loitering without right, this did not place him outside the law giving the defendant officer a right to arrest him without a warrant when committing a breach of the peace.

7. A complaint and warrant good on their face afford a sufficient justification for an officer in doing what is therein commanded.

ACTION OF TORT for assault and battery and for false imprisonment. Pleas, not guilty and justification as an officer. Trial by the court at the December Term, 1920, Windsor County, *Butler, J.,* presiding. Judgment for the defendant. The plaintiff excepted. The opinion states the case. *Affirmed.*

*Roland E. Stevens* for the plaintiff.

*Raymond Trainor* for the defendant.

STATEMENT BY CHIEF JUSTICE WATSON. This action for assault and battery and false imprisonment was tried by the county court, the plea being not guilty and justification as a constable and acting as such.

It appears from the bill of exceptions that after the evidence was closed the court verbally announced that it had found for the defendant; that plaintiff's counsel immediately asked to have a written finding of facts made, and moved for leave to file a request for findings. Leave was granted to file such request on or before a certain day named, which request was seasonably filed. The facts found by the court were reduced to writing, signed by all the members, and filed. Judgment was rendered thereon for defendant. Exceptions were taken by defendant, as more particularly noticed in the opinion.

The following material facts are taken from the court's findings:

Before and at the time in question, defendant was constable in the town of Hartford and duly qualified as such. The plaintiff was a resident of White River Junction, in that town. The latter's conduct had been such for a considerable time, in and about the railroad station at that place, as to call for com-

ment, suspicion, and complaint.   The defendant officer had been advised of these facts, and had taken occasion to notify the plaintiff thereof and call his attention to the warning posted in the station at White River, against loitering around the station and railroad property.   Regardless of that the plaintiff persisted in hanging around the station.   He says he had business there, soliciting roomers for a rooming house; but although that seems to be all the business he claims to have had, he hung around the station days and nights when trains were coming in, and when trains were not coming in, without any apparent business, annoyed passengers and especially women, and his conduct was suspicious.   The defendant, being advised of all this, again warned the plaintiff only a short time before his arrest was made, as stated below, that loitering about the station and railroad property was prohibited, calling his attention to the previous warning; but instead of the plaintiff's going off the premises, he made insulting remarks and persisted in remaining, treating the officer's warning with contempt.

The plaintiff was arrested on the second day of September, 1918, by the defendant as such officer, while loitering at or near the crossing on the railroad property of the Central Vermont Railroad, about fifteen or twenty minutes after his attention had been called to the previous warning stated above.   At the time of his arrest he accused the officer of dogging him around, was using boisterous language, swinging his arms in a defiant and threatening manner toward the defendant while the latter was approaching, and in such a manner as to excite and attract the crowd of people on the crossing and near the station, and to cause the defendant reasonably to fear imminent danger of more serious trouble.   When the plaintiff was thus committing a breach of the peace, he was arrested therefor by the defendant as constable without warrant.   Immediately after the arrest, defendant took the plaintiff to the police station and notified the clerk of the municipal court; whereupon, within about a half an hour, a complaint was filed by B. F. Adams, grand juror, and a warrant issued by the clerk of the court, which was presented to defendant who signed the return thereon as constable.   Soon thereafter plaintiff was admitted to bail by the court.   Subsequently, after several continuances, the proceedings against the plaintiff were *nolle prossed.*

Defendant justified as an officer in the performance of his duty, and the trial court was unable to find from the evidence that the plaintiff has any cause of action; but on the contrary, the court found that defendant was fully justified in all he did in respect of said assault, arrest, and detention.

WATSON, C. J. The plaintiff seasonably filed a request that the court make twelve several specified findings, as to facts, and two specified findings as to the law, separately from findings of fact, and later two amended requests for findings of law. The court made and filed findings of fact, but refused to make the findings requested by plaintiff, and rendered judgment for defendant thereon. The bill of exceptions states, "The plaintiff seasonably excepted to the findings of the court, the judgment thereon, and to the refusal of the court to make findings as requested. And the plaintiff states his reasons for excepting as follows:" then giving the reasons.

[1, 2]   One of the requests for findings of fact was (5) "That the plaintiff while under arrest and while being taken to the police station requested the officer (defendant) not to handle him so roughly as he wore a truss and was troubled with breaches." The (so-called) facts here requested to be found were expressly denied by the defendant's testimony. There being such evidence, the court's refusal to comply with this request was warranted, and the exception, to this extent, cannot be sustained. It follows that, since the exception was a general one, including within its scope the refusal to comply with all the several requests, and since the refusal as to request (5) was without error, the exception is unavailing. *State* v. *Shaw,* 89 Vt. 121, 94 Atl. 434, L. R. A. 1915 F, 1087.

[3]   The exception "to the findings of the court" is also general and includes all the findings made. The reasons, stated for such exception, are eleven in number, the first ten being aimed severally at a different finding, less than the whole; and the eleventh being directed toward all the findings, in the words, "Because the findings as a whole are vague, indefinite and ambiguous. They are almost wholly findings as to the law." It is seen from the foregoing statement of material facts, that many of the findings are neither vague, nor indefinite, nor ambiguous. Consequently this exception is without avail under the same rule

invoked in disposing of the exception considered in the preceding paragraph.

The sole question for consideration is, therefore, whether the facts of record (to which we must be confined by G. L. 2259) form a sufficient basis for the judgment rendered. Seven reasons are assigned why they do not, and they will be considered in their order by number.

[4, 5]  (1).  It is said that the facts found do not show that the plaintiff was committing a breach of the peace just before or at the time of his arrest. But this contention is not borne out by the record. Adverting to the findings stated, it is to be observed that they show in detail the circumstances, and the actions of the plaintiff just before and at the time of his arrest, and then follows the finding that the arrest was made without warrant while a breach of the peace was being committed, and the plaintiff was refusing to leave the premises after having been duly warned and requested so to do. This finding is conclusive, it being a question of fact. *State* v. *Archibald,* 59 Vt. 548, 9 Atl. 362, 56 A. R. 755; *State* v. *Mancini,* 91 Vt. 507, 101 Atl. 581.

Defendant was therefore in law justified in making the arrest without warrant, as he did.

[6]  (2).  Plaintiff says that if there is any definite finding that he was loitering on railroad property at the time of his arrest, there is no finding that he was so loitering without right after being requested by defendant to leave. Yet, notwithstanding there is no express finding of such loitering without right, this does not place the plaintiff outside the law giving the officer a right to arrest him, without warrant, when committing the breach of the peace in the manner shown by the record.

[7]  (3).  The reason assigned is, because the warrant itself, even if legal, does not charge the plaintiff either with breach of the peace or of loitering on railroad property without right. It is found that within about half an hour after the arrest was made, "a complaint was filed by B. F. Adams, grand juror, and a warrant issued by the clerk of the court, which was presented to defendant, who signed his return thereon as constable." "This is in effect," says plaintiff in his brief, "a ruling of the court below on the legal sufficiency of the complaint and warrant." Let this be so, it was not an erroneous ruling;

for the complaint and warrant were good on their face, and therefore afford a sufficient justification for the officer in doing what was therein commanded. *McMahan* v. *Green,* 34 Vt. 69, 80 A. D. 665; *Bugbee* v. *Boyce,* 68 Vt. 311, 35 Atl. 330.

(4). Further, because the court orally announced its findings for the defendant before plaintiff had definitely rested and without argument of counsel. The record hardly bears out the fore part of this assertion. No such claim was made at the time. Counsel for plaintiff "immediately asked to have a written finding of facts made, and moved for leave to file a request for findings," each of which was granted, and the court proceeded accordingly. Whether the announcement of oral findings was "without argument of counsel," is of no consequence in this review.

(5). Because the defendant, as a constable, was not legally justified in arresting the plaintiff without warrant, nor with the warrant in question. Both parts of this proposition have already been ruled the other way.

(6) and (7). The reasons stated under these two numbers relate to the refusal of the trial court to make certain findings as requested. It is enough to say that a ruling has been made, disposing of the exception taken to such refusals.

This disposes of all the questions before us for review.

*Judgment affirmed.*