CHARLES R. CROSBY'S ADMRS. *v.* CHARLES H. NAATZ.

May Term, 1924.

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed November 6, 1924.

*Accord and Satisfaction—Burden of Proof—Payment of Amount Less Than Acknowledged Balance Due—Unexecuted Accord Not Satisfaction—Unexecuted Accord No Bar to Action on Original Undertaking—Part Performance of Accord—Exception to Judgment Does Not Reach Evidence.*

1.   The burden of establishing an accord and satisfaction is on the party claiming it.

2.   Payment of an amount less than that for which debtor is liable does not constitute a valid accord and satisfaction, unless there was a *bona fide* dispute or controversy as to the debtor's liability, or the amount due from him, or damages are unliquidated.

3.   Where the amount due a creditor had been ascertained and agreed upon, tender of a check by the debtor for less than that sum, in settlement of the liquidated and acknowledged balance, and use of such check by creditor, does not constitute a valid accord and satisfaction, because lacking a proper basis for compromise; but operates merely as a payment *pro tanto.*

4.   When check for a certain sum and return of certain goods was offered in settlement of creditor's claim, return of such goods was an essential to the accord, hence creditor's use of check without return of goods by debtor did not operate as an accord and satisfaction.

5.   An unexecuted accord is no bar to an action on the original undertaking.

6. Where an accord is performed in part only, the original right
   of action remains, with credit· thereon of the amount so paid.
7. Exception to judgment does not reach the evidence, but merely
   raises question whether findings support judgment.

ACTION OF CONTRACT. Pleas, general issue, payment, and
accord and satisfaction. Trial by Brattleboro municipal court,
*A. P. Carpenter,* Judge. Judgment for plaintiff. The de-
fendant excepted. The opinion states the case. *Affirmed.*

*W. W. Reirden* for the defendant.

*Robert L. Fitts* for the plaintiffs.

TAYLOR, J. The administrators of the estate of Charles R.
Crosby are seeking to recover for goods sold and delivered to the
defendant. The trial was by court, and the plaintiffs had judg-
ment on the facts found. The case is here on the defendant's
exception to the judgment, and the only question raised is
whether on the findings he should have prevailed on his plea of
accord and satisfaction.

The defendant lives at South Newbury, Vermont, and in
the lifetime of Mr. Crosby acted as his agent in the grain and
feed business at that place. After Mr. Crosby's death in May,
1921, the defendant acted as the agent of the administrators in
disposing of the stock on hand, which consisted of flour, grain,
stock food, and similar goods of various kinds. This relation
continued until September 17, 1921, when the defendant
purchased the balance of the stock on hand. An invoice was·
made showing the quantity and price of each article· and the
defendant agreed to pay for the goods purchased the amount
of the invoice, $1,378.28. A payment was made on account leav-
ing a balance due of $641.21. Subsequently, there was deducted
from this balance $307.19, which was allowed the defendant for
services and expenses. December 23, 1921, the defendant sent
the plaintiffs a check of $184.14, for which he had a credit, leav-
ing $149.88 still unpaid. The plaintiffs' specification was a copy
of the invoice with the credits mentioned above, and the judg-
ment was for the balance with interest and costs.

The claim of accord and satisfaction rests upon these facts:
Under the last named date the defendant wrote the plaintiffs in

substance that he had about $300.00 worth of the goods on hand and would consider it a favor if they would let him ship them "in car with mixed feed. I will load mixed feed just as soon as I can get to it." Reference was made to some stationery that was not included in the invoice, which the defendant states he had not received, though plaintiffs had several times promised to ship it, and that he was going to Brattleboro at the first opportunity to "see if we cannot get this misunderstanding cleaned up." The defendant also referred to his services and expenses in closing out the business and making collections for the plaintiffs and stated in conclusion, "I was instructed to add this to my salary. This I have done and do not think I have been excessive. However just as soon as I get a chance I am coming down to have a reckoning. I will write more fully when I get time." The letter contained this statement: "Attached is adjustment between us, also check for $184.14." The statement referred to bore the caption, "Settlement of a/c between C. H. Naatz and E. H. Crosby Co." and started with the original balance due the plaintiff on the invoice, $641.21. There was deducted the amount allowed the defendant for services and expenses, $307.19, and various items for goods, principally cereals and mixed feed, leaving a balance of $184.14 which was offset by the entry "check to bal a/c $184.14." The check which accompanied the statement and letter was made payable to the estate and bore on its face, "bal a/c." The plaintiffs used the check and gave the defendant credit for it on account. At some time soon after the receipt of the check, in a telephone conversation the plaintiffs claimed the defendant was still owing a balance on account and the defendant maintained that he was not. The defendant did not return to the plaintiffs the mixed feed and other articles, the price of which had been deducted from the agreed balance in making up the statement accompanying the letter and check.

[1-3] It must be held that the findings do not support a valid accord and satisfaction. The defendant argues that the case falls within the rule applicable to unliquidated or disputed claims; but that there was any unsettled or disputed matter to be compromised is not made to appear, and the burden of establishing the accord and satisfaction is upon the defendant. *Drown's Guardian* v. *Chesley's Estate*, 92 Vt. 19, 24, 102 Atl. 102, L. R. A. 1918A, 1056. The payment of an amount less than

that for which the debtor is liable does not constitute a valid accord and satisfaction, unless there was a *bona fide* dispute or controversy as to the debtor's liability, or as to the amount due from him, or unless the damages are unliquidated. 1 C. J. 554. The requisite as a ground for compromise is a claim urged in good faith and with color of right. *Conn. River Lumber Co.* v. *Brown,* 68 Vt. 239, 35 Atl. 56; *Mann* v. *Haley,* 79 Vt. 66, 64 Atl. 449; *Bellows* v. *Sowles,* 55 Vt. 391, 45 A. R. 621; *McDaniels* v. *Lapham,* 21 Vt. 222, 234; *E. Heller & Bros., Inc.* v. *Eldridge & Co.,* 96 Vt. 246, 119 Atl. 392. The amount due the plaintiffs had been ascertained and agreed upon; so, if it could be said that the check was tendered and accepted upon a condition that would otherwise constitute a valid accord and satisfaction, it would fail for lack of the other essential element, *viz.,* a proper basis for a compromise. So far as appears, what the defendant did was to offer the check and goods in settlement of a liquidated and acknowledged balance due the plaintiffs. It is well settled that the use of the check in such circumstances operated merely as payment *pro tanto,* and not as full satisfaction of the claim.

[4-6] Moreover, the defense would fail, if for no other reason, because of defendant's failure to deliver the goods embraced in the offer. The check was offered to balance the amount remaining after the credit for the return of such goods. The return of the goods was an essential element of the claimed accord. It is a familiar rule that an unexecuted accord is no bar to an action on the original undertaking, and accord and part performance do not constitute satisfaction. *Sargent* v. *Donahue,* 94 Vt. 271, 110 Atl. 442, and cases there collected. If an accord is performed in part only, the original right of action remains and the party to be charged is allowed what he has paid in diminution of the amount claimed. *King* v. *Atlantic Coast Line R. R. Co.,* 157 N. C. 44, 54, 72 S. E. 801, 48 L. R. A. (N. S.) 450; *Brunswick, etc. R. R. Co.* v. *Clem,* 80 Ga. 534, 539, 7 S. E. 84; 1 C. J. 533.

[7] Reference is made in the defendant's brief to the evidence, in support of the claim that there was an existing dispute respecting the amount due the plaintiffs at the time the check was sent The exception to the judgment does not reach the evidence, but merely raises the question whether the findings support the judgment. *Morgan* v. *Gould,* 96 Vt. 275, 119 Atl.

517.  The finding respecting the subsequent dispute is relied upon as showing the basis of a compromise, but manifestly it does not have that effect.

*Judgment affirmed.*