C. RUSSELL LITTLE *v.* HENRY W. LOUD.

Special Term at Rutland, November, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 6, 1942.

300

*Philip M. M. Phelps* for plaintiff.

*Asa S. Bloomer* for defendant.

JEFFORDS, J. This is an action of contract. Trial was had by the Rutland Municipal Court without a jury. Judgment was rendered for the defendant and the case is here on plaintiff's bill of exceptions.

From the findings it appears that the plaintiff is a real estate broker. In May, 1940, he brought Mr. & Mrs. Roy Smith of New Jersey as prospective purchasers to defendant's premises. Later the plaintiff and defendant had a talk about the matter and the question of plaintiff's commission for making a sale came up. Plaintiff stated it would be 10% of the sale price but defendant would not agree to this. "Thereafter it was agreed that plaintiff should have a commission of $500.00 if he obtained a sale of the property for $6500.00. The commission was to be paid from the avails of the sale." At first defendant said he

must have 50% of the sale price in cash but later, after some discussion, plaintiff prepared a written agreement which was signed by the defendant without reading it over. This agreement which was received in evidence as plaintiff's exhibit one was incorporated in the findings. The material portions of it are that the defendant agrees to sell the property for $6500. of which amount $1500. is to be paid in cash at the closing of the transaction, with a mortgage back for the balance, the agreement to be consummated within 30 days of its date. This paper was dated June 7, 1940, and was sent by the plaintiff to the Smiths with instructions for them to sign and return it to him. This they did not do but in a few days they came to the plaintiff who told them to go and see the defendant. The Smiths then called on the defendant and told him they had $1500.00 with them for the down payment but defendant "said he would not go through with the agreement on the terms set forth in Plaintiff's Ex. 1." The Smiths and defendant then had some talk about the former putting up some life insurance policies either as collateral or of adding their cash value to the $1500.00. It was left that the defendant was to have the opportunity of finding out the value of these policies. The following findings then appear: "The Smiths never signed Plaintiff's Ex. 1, though it was in their possession a long time, and I am not able to find they, or either of them, ever tendered the down payment of $1500.00 to the defendant. I find that the agreement between plaintiff and defendant contemplated a binding agreement with the purchaser, that is, an agreement signed by the Smiths binding them to the proposed terms. I am unable to find that the Smiths were at any time ready, willing and able to purchase on the terms as set forth in Plaintiff's Ex. 1."

The plaintiff attempted to save exceptions to the findings as made and to the court's refusal to find as requested by him. These claimed exceptions are not briefed and consequently are waived. *State* v. *Noyes,* 111 Vt. 178, 13 Atl. 2d. 204. The first part of plaintiff's brief consists of a general statement of the facts in the case which he claims are disclosed by the evidence. At the end of this recital appears the statement: "The plaintiff duly excepted to the findings of the court (ptd. case p. 9)." This latter statement is not elaborated upon in that part of the brief entitled "argument" which contains many cited cases to

302

the effect that a broker is entitled to his commission when he obtains a purchaser who is able, ready and willing to buy but the sale is blocked because of the unwarranted refusal of the owner to consummate the same. In this part of his brief the plaintiff again assumes that the evidence in the case supports his statements of the law but entirely overlooks certain findings which are contrary thereto and the necessity of pointing out in his brief claimed error in respect to such findings.

██ The exceptions are not available for the additional reason that they are not well taken. To make an exception available it must reasonably indicate the fault, and not leave the court in ignorance of the precise ground on which it is predicated. *Eastern States, etc., League* v. *Est. of Vail*, 97 Vt. 495, 514, 124 Atl. 568, 38 A. L. R. 845; *Morgan* v. *Gould et al.*, 96 Vt. 275, 279, 119 Atl. 517. When no particular finding is pointed out, and no particular fault is indicated the exception is too general to be available. *Bemis* v. *Aldrich et al.*, 102 Vt. 277, 147 Atl. 693; *Royal Bank of Canada* v. *Girard et al.*, 100 Vt. 117, 135 Atl. 497; *Landon* v. *Hunt*, 82 Vt. 322, 73 Atl. 865. This same principle applies to requests to find. *Burlington Building and Loan Association* v. *Cummings*, 111 Vt. 447, 17 Atl. 2d. 319; *Platt, Admx.* v. *Shields and Conant*, 96 Vt. 257, 266, 119 Atl. 520. Tested by the above rules both the exceptions to the findings and to the failure to find as requested are too general to require any attention whatever. The exceptions were taken as follows:

"The plaintiff, C. Russell Little, by Philip M. M. Phelps, Esquire, his attorney, severally excepts to the Court's findings of fact as follows; said exceptions being on the grounds that each of said findings severally is against the evidence, against the weight of the evidence, is unsupported by the evidence, is contrary to the evidence, and is contrary to law, and that on all of the evidence in said case said findings are not substantiated, namely:

Plaintiff severally excepts to the Court's failure and refusal to find by numbers 3, 4, 5, 6, 7, 8 and 9 of plaintiff's requests to find, on the grounds that each several request is established by the evidence

in said cause, was established by the overwhelming weight of the evidence, was established by undisputed and competent evidence in said cause and were necessary inferences of fact from the undisputed evidence in the case, and that said plaintiff was entitled to have said requests found by the Court as a matter of law.

Number 2 of the findings wherein the Court found as follows, namely : 'Thereafter it was agreed that plaintiff should have a commission of $500.00 if he obtained a sale of the property for $6500.00. The commission was to be paid from the avails of the sale.'

Each several statement or findings in paragraphs numbered 4, 5, 6, 7, 8 and 9.''

No reason is stated where there was error in respect to the quoted portion of finding No. 2 beyond the general statements applying to all the findings. It is enough to say in answer to any claim of error in respect to this finding that it is supported by the evidence and legitimate inferences to be drawn therefrom.
■■ But aside from the above rule of nonavailability, it is apparent from an examination of the findings and the requests that the exceptions as taken cannot be sustained. It is sufficient to say that one or more of the findings included within the general exception to the same are amply supported by the evidence and sound as against any of the grounds stated in the exception which consequently is without avail. *Rugg* v. *Degnan,* 96 Vt. 175, 118 Atl. 588; *State* v. *Shaw,* 89 Vt. 121, 94 Atl. 434, L. R. A. 1915F 1087; *State* v. *Sargood and Doyle,* 77 Vt. 80, 58 Atl. 971. So, too, as to the requests, it is enough to say that at least one of them was based on testimony which was expressly denied by the defendant so there was no error in denying this request and since the general exception included within its scope the refusal to comply with several requests among which was the one properly denied such exception is without merit. *Morgan* v. *Gould et al., supra; Rugg* v. *Degnan, supra.* We again call attention to the *Platt* case, *supra,* wherein the two last cited cases are discussed and it is pointed out that the limitation therein specified is not essential to the rule that a general exception reserves

nothing for review and does not make it necessary for the appellate court to examine requests to see if any one was properly denied. One purpose for this rather extensive review of our cases on this subject is based on the hope that by the calling of their attention to the bar the too prevalent practice of taking general exceptions may be checked.

 Since there is no available exception to the findings, we will not look back of them to ascertain whether the evidence supports the judgment. And the exception to the judgment raises only the question as to whether it is supported by the facts found. *Levin* v. *Rouille,* 110 Vt. 126, 2 Atl. 2d. 196; *Royal Bank of Canada* v. *Girard et al., supra.* That it is so·supported is apparent. The claim of·the plaintiff to the agreed amount of commission is based entirely on the theory that he obtained purchasers who were able, ready and willing to purchase under the terms of the agreement designated as plaintiff's Exhibit one and that the deal was not consummated because of the unwarranted refusal of the defendant to go through with it. Inasmuch as the Smiths did not sign this agreement it was incumbent upon the plaintiff in order to recover to obtain an affirmative finding from the court that they were able, ready and willing to purchase under the terms of the agreement. This finding the plaintiff did not obtain. That the plaintiff's right of recovery is barred because of the lack of this essential fact in his case is so clear as to make unnecessary any citation of authority. It is equally clear that the failure on the part of the plaintiff to produce such purchasers renders immaterial to his right of recovery the conduct of the defendant in the matter as disclosed by the findings.

*Judgment affirmed.*