STATE OF VT. *v.* CARL SUNDBERG.

(94 A2d 235)

November Term, 1952.
Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed January 6, 1953.

482

Samuel H. Rothman for the respondent.

Allen Bruce, Grand Juror of the City of Burlington, for the State.

Cushing, J. On April 3, 1952, Carl Sundberg of Burlington was arrested by an officer of the city police on a warrant returnable to the Chittenden Municipal Court signed by the city grand juror, charging the respondent with having and keeping on premises owned or occupied by him in Burlington pinball machines "used in gambling and permitted persons resorting to such premises to use such implements for the purpose of gambling."

In the same warrant appears the following:

> "The officer aforesaid on his oath of office and in his proper person further requests that Carl Sundberg be ordered to show cause, if any he may have, why the three pin-ball machines seized on the premises known as 151 Main St. in said Burlington and occupied by said Carl Sundberg at the time of said seizure, based upon the above complaint, should not be destroyed according to § 8560 of the V. S. Rev. of 1947."

The respondent was tried by jury April 29, 1952, a verdict of guilty being returned. The grand juror requested the court to issue an order for the destruction of the pinball machines.

On May 3, judgment was entered on the verdict with exceptions to the respondent, and a fine of $100 and costs of $8.20 was imposed, and an exception allowed. The motion for the destruction of the machines was renewed whereupon respondent requested the court to withhold an order for their destruction until motions could be filed and to withhold entry of judgment on the verdict.

On the same day respondent filed his motion that the court deny the request of the city grand juror "that Carl Sundberg be ordered

to show cause, if any he may have, why the three pin ball machines seized on the premises, etc." on the ground that the municipal court "has no jurisdiction over the matter, setting forth as the ground that the city grand juror is not such an officer, as by the provisions of V. S. 47, § 8560 can make such a complaint and that the procedure adopted by him does not conform with the requirements. He also moved for the return of the machines to his possession. These motions were denied with exceptions to the respondent. The machines were ordered destroyed but the execution of this order was stayed.

The case is before us on respondent's bill of exceptions. Though numerous exceptions were taken only one has been briefed and argued, hence the others are not before us. *Little* v. *Loud,* 112 Vt 299, 23 A2d 628.

As exceptions to the verdict, judgment and sentence are waived this Court will affirm the judgment and sentence.

The sole question for our determination is: Did the Chittenden Municipal Court have jurisdiction to order the destruction of the pin ball machines under the procedure adopted?

By the provisions of V. S. 47, § 8557 a person who has or keeps on premises owned or occupied by him, gambling instruments and permits persons resorting to such premises to use such instruments for the purpose of gambling is subject to fine and imprisonment.

V. S. 47, § 8560 reads as follows:

> "A sheriff, deputy sheriff, constable or police officer shall seize without a warrant such a machine or device found in a place of public resort. A sheriff or other officer making such a seizure shall forthwith make a complaint under oath, subscribed by him, to a justice or municipal court in the county in which such seizure is made and shall summon the owner or occupant of the place in which such seizure is made to appear before such court and show cause why such machine should not be destroyed."

The section above is explicit with respect to the duty of the officers named to seize the gambling machines or devices, to make complaint to a justice or municipal court and to summon the owner to show cause why such machines or devices should not be de-

stroyed. No person, other than the officer making the seizure is authorized to sign a complaint.

The instant complaint not being signed by an officer authorized so to do is a nullity. *State* v. *Soragan,* 40 Vt 450, 452; *State* v. *Wakefield,* 60 Vt 618, 622, 15 A 181; *State* v. *Bruce,* 68 Vt 183, 187, 34 A 701; *State* v. *Harre,* 109 Vt 217, 220, 195 A 244. This being so the order for the destruction of the machines was void. Respondent's exception is sustained.

The respondent's motion that said machines be returned to his possession was prematurely made. Judgment and sentence being stayed and exceptions filed, the case was not closed until reversed or affirmed by this Court. Since the machines could be held by the seizing officer for evidentiary purposes the court's refusal to grant the motion was proper. *Holyoke Nat. Fire Ins. Co.* v. *Horton,* 100 Vt 228, 231, 136 A 385. Respondent's exception to the denial of this motion is overruled.

*Judgment and sentence affirmed. Let execution be done. Order for the destruction of the pinball machines reversed.*