John T. Adams v. B.P.C., Inc., and Diana Shornstein,
d/b/a Johnny Appleseed in Vermont

[466 A.2d 1170]

No. 82-377

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed September 6, 1983

*John T. Adams,* pro se, Fair Haven, Plaintiff-Appellant.

*Diana Shornstein,* pro se, Brandon, Defendant-Appellee.

**Billings, C.J.** This is an appeal by plaintiff from a judgment for defendants in a small claims action in Rutland District Court. Defendants, a summer camp and its director, executed a promissory note to plaintiff, as treasurer of Vermont Wanee Camp, Inc., on July 19, 1979. The note was in the amount of $463.05,. plus interest at the rate of twelve percent per annum, payable on July 19, 1980. The note also provided for attorney's fees in the event of collection.

By August 10, 1981, no payment had been made, and on that date plaintiff's agent, who was also plaintiff's secretary, went to defendants' camp in Brandon, Vermont, and requested payment on the principal together with two years' interest. Defendant Shornstein offered to pay only the principal and one year's interest, claiming that the year delay in paying the note was due to plaintiff's unavailability. Plaintiff's agent told defendant that she had instructions to collect the entire amount. Nevertheless, plaintiff's agent left the premises to confer with plaintiff; she returned shortly thereafter, according to defendant's testimony, and told defendant: "[I]t's O.K., you can pay the principal and the first year's interest." Defendant Shornstein then gave the agent a check for $518.62, on the back of which defendant wrote the words "paid in full." Plaintiff negotiated the check, writing "principal and first year's interest" under defendant's notation, and then brought suit for the unpaid interest in the amount of $59.02, plus attorney's fees and collection costs.

The trial court issued findings of fact and conclusions of law, and entered judgment for defendants. It found that plaintiff was "estopped" from collecting the second year's interest because plaintiff's agent had accepted defendant Shornstein's check "in full payment," and because plaintiff's entry on the back of the check of "principal and first year's interest," was only placed thereon after his agent's acceptance. Plaintiff now appeals, claiming that such result is inconsistent with our holding in *Mobil Oil Corp.* v. *Prive*, 137 Vt. 370, 406 A.2d 400 (1979), and cases cited therein.

In *Mobil Oil* we reiterated the rule regarding the doctrine of accord and satisfaction as follows:

> The payment of an amount less than that for which the debtor is liable does not constitute a valid accord and

satisfaction, unless there was a *bona fide* dispute or controversy as to the debtor's liability, or as to the amount due from him, or unless the damages are unliquidated. The requisite as a ground for compromise is a claim urged in good faith and with color of right.

*Id.* at 370–71, 406 A.2d at 400–01 (quoting *Crosby's Admrs.* v. *Naatz,* 98 Vt. 226, 228–29, 126 A. 547, 548 (1924)) (citations omitted). That is, where a lesser sum than is due is tendered as payment for a liquidated debt, acceptance by the creditor of the lesser amount does not constitute accord and satisfaction; rather, it discharges the debt *pro tanto* only, and the creditor is free to maintain an action to recover the balance. However, where the amount owed is disputed, or unliquidated, acceptance by the creditor of an amount less than that claimed to be due, which is offered in full settlement of such claim, does operate as an accord and satisfaction, and further controversy regarding that claim is ended. *Curran* v. *Bray Wood Heel Co.,* 116 Vt. 21, 25, 68 A.2d 712, 715 (1949), *cited in Mobil Oil, supra,* 137 Vt. at 370, 406 A.2d at 400.

In this case both parties agree that neither the validity of defendants' note, nor its terms regarding the date and amount of payments, including interest, are in dispute. Rather, defendant Shornstein maintained, both at the time of payment and during the hearing below, that she ought not be required to pay the second year's interest since plaintiff's "unavailability" prevented her from timely repaying the principal. For these reasons she repaid only the undisputed portion of her debt. Based on these facts the trial court concluded that a valid accord and satisfaction had been executed.

■ However, on this record we are unable to concur with the results of the trial court, for we do not find that there was " '*bona fide* dispute or controversy as to [defendant's] liability.' " *Mobil Oil, supra,* 137 Vt. at 371, 406 A.2d at 401 (quoting *Crosby's Admrs., supra*). Rather, the uncontroverted evidence indicates that plaintiff was not "unavailable" at all, had defendant Shornstein made a good faith effort to contact him. Plaintiff's camp maintained an office at the same location since 1963; it had used the same post office box mailing address since 1977; its telephone number was listed and known to defendant Shornstein; and plaintiff had employed a full-

time caretaker at the camp site since 1978. Defendant apparently visited the camp twice, and telephoned plaintiff's office once; having failed to contact plaintiff by these limited means, defendant gave up, and made no payment on the note until plaintiff contacted her and sent his agent to collect the debt.

On this evidence we do not find that defendants' claim to relief from liability, due to plaintiff's "unavailability," constitutes a *bona fide* dispute as to the amount owed. As one court stated on somewhat analogous facts:

> "While it is not necessary that the dispute or controversy should be well-founded, it is necessary that it should be in good faith. Without an honest dispute, an agreement to take a lesser amount in payment of a liquidated claim is without consideration and void. An arbitrary refusal to pay, based upon the mere pretense of the debtor, made for the obvious purpose of exacting terms which are inequitable and oppressive, is not such a dispute as will satisfy the requirements of the rule."

*Loizeaux Builders Supply Co. v. Donald B. Ludwig Co.*, 144 N.J. Super. 556, 565, 366 A.2d 721, 726 (1976) (quoting *Decker* v. *George W. Smith & Co.*, 88 N.J.L. 630, 634, 96 A. 915, 917 (1916)).

Accordingly, judgment is reversed.

*Reversed and remanded for computation of additional interest due and attorney's fees, if any.*