### School Lines, Inc. v. Barcomb Motor Sales, Inc.

[503 A.2d 131]

No. 83-583

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed October 25, 1985

*Doremus, Congleton & Jenkins*, Essex Junction, for Plaintiff-Appellee.

*Edwin W. Free, Jr.,* of *Richard E. Davis Associates, Inc.,* Barre, for Defendant-Appellant.

**Per Curiam.** Defendant appeals from a judgment entered against it in Caledonia Superior Court following trial by court. The issue presented is whether the sum owed to plaintiff School Lines, Inc. by defendant Barcomb Motor Sales, Inc. for the purchase of two bus bodies was the subject of a bona fide dispute to which the principle of accord and satisfaction would apply. The Caledonia Superior Court, finding the sum to be both liquidated and undisputed, concluded there was no valid accord and satisfaction. The trial court entered judgment for plaintiff in the amount of $1,399.34, plus interest in the amount of $587.58, plus costs. We affirm.

In 1980, defendant agreed to pay plaintiff $16,464.00 for the purchase of two bus bodies. Plaintiff informed defendant that it would require payment in full before delivery. Defendant's check in the above sum was delivered to plaintiff and defendant's agents picked up the bus bodies. Defendant's president, irritated by difficulties encountered with the transaction, subsequently stopped payment on the check and issued a new check to plaintiff in the sum of $15,064.66, the difference representing various costs incurred by defendant in connection with the transaction.

The following language appeared on the back of the second check: "Payment in full for bus bodies Serial #'s B18550 and B18551." Plaintiff cashed this check after endorsing it as follows: "Accepted as Partial Pay't." Defendant claims that plaintiff's acceptance and subsequent negotiation of the check effected an accord and satisfaction. We cannot agree.

> [W]here a lesser sum than is due is tendered as payment for a liquidated [or undisputed] debt, acceptance by the creditor of the lesser amount does not constitute accord and satisfaction; rather, it discharges the debt *pro tanto* only, and the creditor is free to maintain an action to recover the balance.

*Adams* v. *B.P.C., Inc.,* 143 Vt. 308, 310, 466 A.2d 1170, 1171 (1983).

Upon a review of the record, we conclude that the amount due plaintiff was liquidated and undisputed. The sum of $16,464.00 was agreed upon by both parties. A check in that amount was

delivered to plaintiff by defendant. Prior to stopping payment of its check, defendant never objected to the purchase price. Defendant's subsequent unilateral decision that it should not have to pay for costs it incurred does not establish the existence of a bona fide dispute as to the purchase price owed to plaintiff. There was no effective accord and satisfaction.

*Affirmed.*